IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sonrai Systems, LLC, and Advanced Custom Engineered Systems & Equipment Co. | ) ) ) ) | Civil No.: 1:16-cv-3371 |
| Plaintiffs, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | Honorable Thomas M. Durkin |
| Anthony M. Romano, Geotab, Inc., Assured Telematics, Inc. and John Does 1-10, | ) ) ) | Magistrate Judge Honorable Michael T. Mason |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ASSURED TELEMATICS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL ALLEGATIONS SET FORTH IN THE COMPLAINT ................................. 1

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ......................................................................................................................... 4

    A. Plaintiffs Have Adequately Pled a Claim For Misappropriation of Trade Secrets . 4

        1. Efforts Were Made to Keep the Trade Secret Technology A Secret .......... 4

V. PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS NOT PREEMPTED ....................... 9

    A. Plaintiffs' Claim For Tortious Interference With Contractual And Business Expectancy Is Adequately Pled ............................................................................... 10

    B. There is Factual Support for Plaintiffs' Claim of Tortious Interference With Business Expectations ................................................................................................ 11

VI. CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Chiron Corp.*,
 1997 WL 208369 (N.D. Ill. Apr. 23, 1997) ...............................................................................8

*AutoMed Technologies, Inc. v. Eller*,
 160 F. Supp. 2d 915 (N.D. Ill. 2001) ........................................................................................3

*Cleary v. Phillip Morris Inc.*,
 656 F.3d 511 ............................................................................................................................9

*CMBB LLC v. Lockwood Mfg.*,
 628 F. Supp. 2d 881 (N.D. Ill. 2009) ........................................................................................6

*Cole* v. *Milwaukee Area Tech. Coll. Dist.*,
 634 F.3d 901 (7th Cir. 2011) ................................................................................................3, 5

*Covenant Aviation Sec. LLC. v. Berry*,
 15 F. Supp. 3d 813, 818 (N.D. Ill. 2014) ..................................................................................7

*Dames & Moore*,
 21 F. Supp. 2d at 827 .............................................................................................................10

*Davidson v. Schneider*,
 2011 U.S. Dist. LEXIS 24691 (N.D. Ill. March 11, 2011) .....................................................12

*Eighteen Invs. v. Nationscredit Fin. Servs. Corp.*,
 376 Ill. App. 3d 527, 876 N.E.2d 1096, 315 Ill. Dec. 506 (2007) ............................................9

*Fire 'Em Up, Inc. v. Technocarb Equip.*
 799 F. Supp. 2d 846 (N.D. Ill. 2011) .......................................................................................8

*HotSamba, Inc. v. Caterpillar, Inc.*,
 2004 U.S. Dist. LEXIS 4882 (N.D. Ill. Mar. 25, 2004) ...........................................................5

*Integrated Genomics, Inc. v. Kyrpides*,
 2008 U.S. Dist. LEXIS 16838 (N.D. Ill. Mar. 4, 2008) .....................................................9, 10

*Learning Curve Toys Inc. v. Playwood Toys, Inc.*,
 342 F.3d 714 (7th Cir. 2003) ............................................................................................5, 6, 7

*Liebert Corp. v. Mazur*,
 357 Ill. App. 3d 265, 827 N.E.2d 909, 293 Ill. Dec. 28 (1st Dist. 2005) .................................5

*Marc Maghsoudi Enters. v. Tufenkian Imp./Exp. Ventures, Inc.*,
    2008 U.S. Dist. LEXIS 76390 (N.D. Ill. Sep. 30, 2008) .......................................................8, 12

*Pampered Chef v. Alexanian*,
    2011 U.S. Dist. LEXIS 75752 (N.D. Ill. July 13, 2011) ..........................................................11

*Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*,
    925 F.2d 174 (7th Cir. 1991) ......................................................................................................6

*Von Holdt v. A-1 Tool Corp.*,
    2013 U.S. Dist. LEXIS 636 (N.D. Ill. Jan. 3, 2013) ...................................................................6

**Statutes**

Illinois Trade Secret Act .................................................................................................................4, 5

**Other Authorities**

Fed.R.Civ.P. 8(a)2 .............................................................................................................................3

Rule 12(b)(6) ..............................................................................................................................3, 12

I.   INTRODUCTION

The Complaint sets forth compelling factual allegations that ATI sold equipment incorporating software that utilized the Sonrai Trade Secret Technology. The Complaint further specifies that ATI and Geotab colluded with Plaintiffs' former Vice President, Co-Defendant, Anthony M. Romano to steal Plaintiffs' business and trade secrets. Ignoring the factual allegations of the Complaint, ATI contends that they had no knowledge of Plaintiffs' trade secrets. As set forth below, the Complaint adequately pled the elements of claims for against ATI for: (1) trade secret misappropriation; (2) tortious interference; and (3) unjust enrichment.

II.  FACTUAL ALLEGATIONS SET FORTH IN THE COMPLAINT

ATI certainly recognizes the crux of this case. For example, it recognizes that there is "some question about whether Plaintiffs, Sonrai… and ACES… developed software and technology that Geotab is now selling without properly compensating Plaintiffs." (Doc. No. 35, p. 1). ATI further understands that the Complaint alleges that Sonrai's former Vice President, Romano, attempted to steal business and trade secrets from Plaintiffs. (*Id.* at p. 1). And ATI recognizes that the Complaint states "ATI sells products that incorporate the Trade Secret Technology and other Confidential Information in the Geotab devices and software applications." (*Id.* at p. 2).

Surprisingly, ATI contends "there are no allegations that ATI had any involvement or knowledge that the software included in the Geotab devices." (Doc. No. 35, at p. 1). However, the Complaint details ATI's knowledge:

> 32. ATI is in the business of reselling products such as the Geotab device and associated software applications. ATI sells products that incorporate the Trade Secret Technology and other confidential information in the Geotab devices and software applications. The products and software sold by ATI have a component which is paid to Sonrai to address use of the Trade Secret Technology and other confidential information. The proceeds received by ATI are distributed to Geotab and Sonrai.

\* \* \*

> 34. ATI has not reimbursed nor properly distributed to Plaintiffs the proceeds from the sale of Geotab products including the Trade Secret Technology.

(Doc. No. 1, ¶¶32, 34). The Complaint also sets forth the details of how ATI colluded with Mr. Romano:

> 33. Romano worked for, cooperated with and assisted ATI and Geotab in promoting the Geotab product including the Trade Secret Technology. Further, Romano colluded with ATI to sell the Geotab product including the Trade Secret Technology to various companies. *For instance, Romano used ATI quotes (outside of Sonrai's invoicing systems) to solicit actual and/or prospective clients, including Big Truck Rental.*

(*Id.* at ¶33).

The Sonrai/ACES Event Validation System solution is hosted on servers that are regulated and, managed Sonrai. (*Id.* at ¶14). Sonrai has absolute control over the software and servers implementing the Event Validation System incorporating the Trade Secret Technology. Geotab, through its hardware device, provides access to web portals that directs data and information to the Event Validation System operating on the Sonrai server. (*Id.*). The actual Event Validation System is maintained secret by Sonrai/ACES. (*Id.* at ¶17). Thus, the entire system uses Geotab hardware in combination with the Sonrai/ACES Trade Secret Technology that resides on software hosted on Sonrai servers which are maintained by Geotab. (*Id.* at ¶14). ATI is the exclusive reseller of the entire system including the Geotab hardware implementing the Sonrai/ACES trade secrets. (*Id.* at ¶¶ 32, 14). Sonrai is compensated by ATI and Geotab for the sales as well as receiving monthly payments for use of the Event Validation System in which the Trade Secret Technology is embodied. (*Id.* at ¶¶32 and 34).

Plaintiffs have taken measures to protect their Trade Secret Technology from public disclosure. The Complaint specifically states that "the actual Trade Secret Technology is confidential and maintained in secret." (*Id.* at 17). The Complaint details how Sonrai/ACES

required its employees to enter into a "Confidential Information and Non-Competition Agreement" which is attached to the Complaint as Exhibit A. (Doc. No. 1 at ¶19-20) (the "Non-Disclosure Agreement"). Plaintiffs also required Geotab to enter into a Confidential Information Agreement with Plaintiffs to protect the Trade Secret Technology subject to the suit. (*Id.* at ¶30). ATI is a reseller of the entire package containing the Geotab hardware and Sonrai/ACES solution. (Doc. No. 1, ¶ 32). It does not have direct access to any Confidential Information. In any event, the purchase order between ATI and its customers requires the customer "not to use the Services or Devices for any unlawful or abusive purpose or in any way that interferes with company or the Devices." (*Id.* at ¶90).

Finally, "ATI has not reimbursed nor properly distributed to Plaintiffs the proceeds from the sale of Geotab's products including the Trade Secret Technology." (*Id.* at ¶34).

### III. LEGAL STANDARD

A Complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)2. In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiffs, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *AutoMed Technologies, Inc. v. Eller*, 160 F. Supp. 2d 915, 920 (N.D. Ill. 2001). As set forth below, the Complaint adequately gives rise to a right to relief against ATI.

IV.     ARGUMENT

     A.     **Plaintiffs Have Adequately Pled a Claim For Misappropriation of Trade Secrets**

Plaintiffs have properly pled a claim for misappropriation of trade secrets. Plaintiffs pled that a trade secret existed: "The Trade Secret Technology constitutes trade secrets under the Illinois Uniform Trade Secret [Act] 765 ILCS 1065/1." (Doc. No. 1, Complaint at ¶¶13-17). Plaintiffs pled that the trade secrets were misappropriated through improper acquisition, disclosure or use: "There was a misappropriation of trade secrets by Geotab and/or ATI, acting individually and in concert, to acquire, disclose and/or use, by improper means, the Plaintiffs' proprietary Trade Secret Technology and other confidential information for their own benefit and/or the benefit of others without or exceeding Plaintiffs' authorization and consent. Among other things, ATI and Geotab have profited by knowingly directing users to access Plaintiffs' Trade Secret Technology residing on the Geotab website." (See Doc. No. 1, ¶¶84, 27-34). Plaintiffs pled that they were damaged by the misappropriation: "Geotab [has] profited by knowingly directing users to access Plaintiffs' Trade Secret Technology residing on Geotab Website" without reimbursing Plaintiffs. (¶¶84, 34).

     1.     **Efforts Were Made to Keep the Trade Secret Technology A Secret**

The allegations of the Complaint demonstrate that reasonable efforts were made to keep the trade secrets confidential. Plaintiffs allege that the Trade Secret Technology resided on a software solution they hosted on their own servers. (Doc. No. 1, ¶14). As such, Plaintiffs had complete control over their Trade Secret Technology. Plaintiffs allege that "[a]t all times, Plaintiffs have taken reasonable measures to protect the Plaintiffs' Trade Secret Technology and other Confidential Information." (Doc. No. 1, ¶83). Plaintiffs had their employees enter a "Confidential Information and Non-Competition Agreement." (*Id.* at ¶19). The Agreement

(attached to the Complaint) explains that "the company has kept and will keep secret the Confidential Information."[1] (Doc. No. 1-3, ¶2.B.). Further, the Agreement states that the employer shall use the upmost diligence to guard and protect the Confidential Information from disclosures to any other person or entity. (*Id.* at ¶3.B.). The Agreement also precluded the employee from disclosing the Confidential Information to any other person or entity. (*Id.* at ¶3.C.).

Further, the Complaint alleges that Geotab entered a Confidential Information Agreement with Sonrai that precluded access to the Trade Secret Technology. (Doc. No. 1, ¶30). The Confidential Information Agreement stated that Geotab and Sonrai will use the same care, effort and measures to keep the information confidential as they would do to protect their own information. (Doc. No. 1-3, Ex. C ¶5). Thus, Geotab had an obligation to maintain the Sonrai/ACES Trade Secret Technology in a confidential manner. (*Id.*).

In cases that address whether a company took reasonable steps to protect information as a trade secret, the presence or absence of confidentiality agreements or other means to convey confidentiality to employees often has a significant bearing on the outcome of the case. *HotSamba, Inc. v. Caterpillar, Inc.*, 2004 U.S. Dist. LEXIS 4882 at *10-*13 (N.D. Ill. Mar. 25, 2004); *Liebert Corp. v. Mazur*, 357 Ill. App. 3d 265, 279, 827 N.E.2d 909, 923-24, 293 Ill. Dec. 28 (1st Dist. 2005)). The Illinois Trade Secret Act requires the trade secret owner to take actions that are "reasonable under the circumstances to maintain [the] secrecy or confidentiality" of its trade secret; it does not require perfection. *Learning Curve Toys Inc. v. Playwood Toys, Inc.,* 342 F.3d 714, 725 (7th Cir. 2003) (citing 765 ILCS 1065/2(d)(2). In determining whether a claimant took reasonable steps to protect information as a trade secret, "the presence or absence

---

[1] A court, in ruling on a 12(b)(6) motion, may consider any exhibit attached to the Complaint. *Cole*, 634 F.3d at 903.

of confidentiality agreements or other means to convey confidentiality … has a significant and predictable bearing on the outcome of the case." *CMBB LLC v. Lockwood Mfg.*, 628 F. Supp. 2d 881, 885 (N.D. Ill. 2009).

Moreover, and in any event, "whether the measures taken by a trade secret owner are sufficient to satisfy the UTSA's reasonableness standard … is a question of fact for the jury." *Learning Curve Toys, Inc.,* 342 F.3d at 725-26; see also *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 925 F.2d 174, 179 (7th Cir. 1991) ("Only in an extreme case can what is a 'reasonable' precaution be determined on a motion for a summary judgment, because the answer depends on a balancing of costs and benefits that will vary from case to case."). Here, Plaintiffs pled that it took reasonable steps to maintain its technology in secret such as requiring employees to enter into confidentiality agreements, requiring customers to hold the trade secrets in trust and confidence, and took "reasonable measures" to protect its trade secrets.

Finally, ATI's attempt to argue that Sonrai and ACES failed to maintain secrecy amongst themselves misses the mark. The Complaint makes clear that the parties are affiliates; and that ACES owns the intellectual property which Sonrai develops and uses. The Complaint specifically alleges:

- that ACES and Sonrai share the same address (25W102 Ramm Drive, Naperville, IL) (Doc. No. 1, ¶¶ 3 and 4).

- that the intellectual property owned by ACES was developed, and is used, by Sonrai (*Id.* at ¶¶ 13-15).

- the trade secrets relate to "Confidential Information pertaining to Sonrai and ACES" (*Id.* at ¶ 16).

There is sufficient evidence in the pleading that ACES and Sonrai have an understanding that the trade secrets are confidential. *See also, Von Holdt v. A-1 Tool Corp.,* 2013 U.S. Dist. LEXIS

636, *14 (N.D. Ill. Jan. 3, 2013) ("ability to show that an understanding regarding confidentiality may constitute reasonable security measures under the act.").

The three cases on which ATI principally relies on actually favor Plaintiffs. In *Learning Curve Toys, Inc. v. Playwood Toys, Inc.,* 342 F.3d 714, 721 (7th Cir. 2003), the trial court vacated the jury verdict in favor of the trade secret owner, finding that the trade secrets were known in the industry and that the owner did not guard the secrecy of the concept. The Seventh Circuit reversed, finding that the evidence demonstrated that the trade secrets were protected by an oral confidentiality agreement: "The jury was entitled to conclude the *Playwood's* reliance on the oral confidentiality agreement was reasonable under the circumstances of this case." (*Id.* at 725).

In *Covenant Aviation Sec. LLC. v. Berry*, 15 F. Supp. 3d 813, 818 (N.D. Ill. 2014), the court held that the complaint "points to specific types of business information and specific efforts it has taken to protect the business information" with sufficient specificity to identify the trade secrets at issue:

> Whether a plaintiff adequately alleges the existence of a trade secret is a fact intensive analysis, but courts have found allegations to be adequate in instances where the information and the efforts to maintain its confidentiality are described in general terms. *See, e.g.,* GoHealth, LLC v. Simpson, No. 13 C 2334, 2013 WL 6183024, at *12 (N.D.Ill. Nov. 26, 2013) (identification of trade secret as processes, systems, and technology that allowed call center to respond quickly adequate to state a claim); Papa John's Int'l v. Rezko, 446 F. Supp. 2d 801, 812 (N.D.Ill.2006) (claim can proceed although it is "unclear which trade secrets of the `Papa John's System' were misappropriated").

*Covenant*, 15 F. Supp. 3d 813 at 818. ("Covenant's Complaint sufficiently alleges the elements of trade secret misappropriation"). The same hold true here. Plaintiffs identified the specific trade secret at issue. (Doc. No. 1, ¶¶13-17). Further, Plaintiffs identified the measures taken to maintain the secrecy. (*Id.* at ¶19, ¶30: "Geotab had a Confidential Information Agreement with Sonrai that precluded access to such information.").

- 7 -

Finally, in *Marc Maghsoudi Enters. v. Tufenkian Imp./Exp. Ventures, Inc.,* 2008 U.S. Dist. LEXIS 76390, at *9 (N.D. Ill. Sep. 30, 2008), the court dismissed the complaint because Plaintiff did not plead any facts related to an agreement to protect Plaintiffs' information. (*Id.*) Here, the Complaint references and attaches three confidentiality agreements which protect the Sonrai/ACES Confidential Information. (Doc. No. 1, ¶¶ 19, 20, 30, 90 and 91).

ATI relies on *Abbott Labs. v. Chiron Corp.,* 1997 WL 208369 (N.D. Ill. Apr. 23, 1997) for the proposition that a complaint without any factual allegations regarding secrecy cannot withstand a motion to dismiss. The court in *Abbott* dismissed – without prejudice – a claim for trade secret misappropriation because there were no "factual allegations regarding the plaintiff's efforts to maintain the confidentiality of their alleged trade secret[s]." *Abbott Labs.,* No. 97 C 0519, 1997 WL 208369 at *3. Abbott "merely repeat[ed] the language of the statute." *Id.* ATI's reliance on *Fire 'Em Up, Inc. v. Technocarb Equip*. (2004) *Ltd.,* 799 F. Supp. 2d 846 (N.D. Ill. 2011) is also misplaced. There, the court dismissed – also without prejudice – the Plaintiffs' trade secret misappropriation claim because it made no allegations bearing on its efforts to maintain the confidentiality of the trade secrets other than pointing to an agreement containing "inferences of confidentiality." *Id.* at 851.

Finally, ATI contends that Plaintiffs "do not allege that ATI entered into a confidentiality agreement with either Plaintiff, nor do they allege that ATI entered into any confidentiality agreement with Geotab much less one that covered Plaintiffs' information." (Doc. No. 35, p. 8). However, in Plaintiffs' claim against ATI, they specifically alleged that their Trade Secret Technology ***resides on the Geotab website***:

> 84. There was a misappropriation of trade secrets by Geotab and/or ATI, acting individually and in concert, to acquire, disclose and/or use, by improper means, the Plaintiffs proprietary Trade Secret Technology and other confidential information for their own benefit and/or the benefit of others without or exceeding Plaintiffs' authorization and consent. Among other things, ***ATI and Geotab have***

- 8 -

> *profited by knowingly directing users to access Plaintiffs' Trade Secret Technology residing on the Geotab website.*

(Doc. No. 1, ¶ 84; emphasis added). Plaintiffs have a confidentiality agreement with Geotab (Doc. No. 1, Ex. C). Plaintiffs also allege that "Romano misappropriated Plaintiffs' Trade Secret Technology by at least sending them without authorization to ESG and ATI." (Doc. No. 1, ¶ 49). ATI is not permitted access to the Trade Secret Technology; yet ATI sells and uses the technology without Plaintiffs' consent.

The Complaint adequately sets forth a claim for misappropriation of trade secrets against ATI.

## V. PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS NOT PREEMPTED

The essence of a cause of action for unjust enrichment is that one party has been enriched and it would be unfair for that party to retain the benefit. *Cleary v. Phillip Morris Inc.,* 656 F.3d 511, 516 (7th Cir. 2011; see also, *Eighteen Invs. v. Nationscredit Fin. Servs. Corp.*, 376 Ill. App. 3d 527, 535-36, 876 N.E.2d 1096, 1103, 315 Ill. Dec. 506 (2007) ("A cause of action based upon unjust enrichment does not require fault or illegality on the part of the defendants; the essence of the cause of action is that one party is enriched and it would be unjust for the party to retain the enrichment.").

Plaintiffs' unjust enrichment claim is not premised solely on the facts supporting the Plaintiffs' trade secret claims. Where, as here, the contractual obligation exceeds the definition of the trade secrets, the ISTA does not warrant dismissal of a cause of action. *See Integrated Genomics, Inc. v. Kyrpides,* 2008 U.S. Dist. LEXIS 16838, at *39 (N.D. Ill. Mar. 4, 2008). Plaintiffs alleged that Romano was unjustly enriched as a result of his wrongful activities which were incorporated by reference from Paragraphs 1 through 104 of the Complaint. (*Id.* at ¶105). ATI sells products containing the Plaintiffs' Event Validation System. (Doc. No. 1, ¶¶ 32 and

13). ATI had an obligation to pay Plaintiffs Sonrai from the proceeds of sales of those products. (*Id.* at ¶ 32). ATI used improper means to sell products containing the Plaintiffs' Event Validation System to customers not authorized by Plaintiffs. (*Id.* at ¶33). ATI was unjustly enriched by those sales and the fact that it did not reimburse Plaintiffs proceeds from the sales. (*Id.* at ¶34). The trade secrets do not form the only basis for the unjust enrichment claim. The essence of the claim for unjust enrichment is that ATI was unjustly enriched. *Dames & Moore*, 21 F. Supp. 2d at 827 ("Plaintiff successfully stated claims against Baxter for civil conspiracy and tortious interference with prospective economic advantage in Counts II, III, IV and Count V, therefore, states a claim for unjust enrichment."). Further, the Complaint here addresses "other confidential information" that is not the actual Trade Secret Technology that is subject to the ITSA. (Doc. No. 1 at ¶¶ 106-107). The Complaint adequately states a claim for unjust enrichment.

  A. **Plaintiffs' Claim For Tortious Interference With Contractual And Business Expectancy Is Adequately Pled**

ATI contends that "[t]here is not a single allegation in the Complaint to support the fact that Sonrai had any contractual relationship with Progressive, Dover or Paine's Inc.com." (*Id.* at p. 11). However, Plaintiffs allege "Sonrai's bid for placement of its technology with Progressive in response to the RFI was successful, as it installed and tested hundreds of units in Progressive trucks across nine different locations over the following year."; "On October 18, 2015, Romano made a presentation and contract proposal to Progressive on behalf of Sonrai to provide the ongoing servicing of Progressive's fleet of trucks using the Trade Secret Technology. Sonrai had successfully placed and tested equipment utilizing the Trade Secret Technology and other confidential information. Plaintiffs later came to understand that Progressive's senior

management had approved of the proposal." (Doc. No. 1, ¶¶25, 26). Plaintiffs bid on, and were awarded a contract with Progressive.

Next, ATI contends that "Plaintiffs also fail to state a claim based on tortious interference of a contractual relationship between Plaintiffs and Romano." (Doc. No. 35, p. 11). The pleadings assert that ATI knew about the "Confidential Information and Non-Competition Agreement" and "Electronic Access Policy" agreements. The Complaint identifies the agreements (Doc. No. 1, ¶19), and alleges that "ATI…knew of Romano's contractual relationship with Plaintiffs." (*Id.* at ¶101).

ATI's argument that Plaintiffs did not plead "some active persuasion, encouragement, or inciting" of the breach also fails. (Doc. No. 35, p. 13). However, the Complaint alleges that ATI colluded with Romano to sell the Plaintiffs' trade secrets to Progressive, and other "various competitors." (Doc. No. 1 at ¶33). Further, the Complaint alleges that Romano, Geotab and ATI worked to steer business to Geotab and ATI and away from Plaintiffs. (Doc. No. 1, ¶30). That is enough to show "encouragement." *See Pampered Chef v. Alexanian*, 2011 U.S. Dist. LEXIS 75752, at *100 (N.D. Ill. July 13, 2011) (the standard of inducement as "beyond merely providing information in a passive way.").

Finally, ATI erroneously contends that "ACES fails to even allege any damages resulted from this breach." (Doc. No. 35, p. 13). Yet, the Complaint alleges: "ATI has not reimbursed nor properly distributed to Plaintiffs the proceeds from the sale of Geotab products including the Trade Secret Technology." (Doc. No. 1, ¶34).

> B. There is Factual Support for Plaintiffs' Claim of Tortious Interference With Business Expectations

The following elements are required for a tortious interference with expectancy claim: a complaint properly alleges: (1) a reasonable expectation of entering into a valid business

relationship; (2) a defendant or defendants' knowledge of that expectancy; (3) a purposeful interference by defendant or defendants that prevents that legitimate expectancy from being fulfilled; and (4) damages resulting from said interference. *Davidson v. Schneider*, 2011 U.S. Dist. LEXIS 24691, (N.D. Ill. March 11, 2011) (citations omitted). All four elements have been properly alleged, thus ensuring Plaintiffs' "right to relief plausible." (*Id*. at *7)

Plaintiffs had reasonable expectations of entering into valid business relationships with multiple entities, including Dover, which did not ripen. ATI was fully aware of Plaintiffs' current and future business relationship with Progressive, related companies Dover and Paine's Inc.com, as well as countless other companies. See *Marc Magisoudi Enterprises, Inc*., 2008 U.S. Dist. LEXIS 76390, *9 (N.D. Ill. September 30, 2008) ("The court further observed that under the liberal requirements of Rule 12(b)(6), the former distributor was not required to plead the name of all potential lost clients."). It was this knowledge, coupled with the improper use of confidential information, which allowed ATI and Romano to interfere with those relationships.

The Complaint states that "Romano worked in concert with his daughter…to disrupt Sonrai's relationship with Progressive…to alter or misuse certain aspects of Sonrai's software to display inaccurate [Sonrai] customer reports." (Doc. No. 1, ¶27). Romano then capitalized on those false reports to move Sonrai's business to another supplier, one that with the blessing and promotion of Geotab. (*Id.*). The Complaint illustrates that ATI was instrumental in colluding to direct business away from Plaintiffs, causing damage. (*Id*. at ¶¶29-30). These actions caused Plaintiffs' expectancies with customers to be unfilled, which was the intention of ATI.

VI. **CONCLUSION**

For the reasons set forth above, ATI's motion to dismiss should be dismissed in its entirety.

Respectfully submitted,

*/s/ Paul K. Vickrey*
Paul K. Vickrey (vickrey@niro.law)
Dean D. Niro (dniro@niro.law)
Arthur A. Gasey (gasey@niro.law)
**NIRO LAW, LTD.**
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Tel.:   (312) 236-0733
Fax:   (312) 236-3137

David Stieper (david@stieperlaw.com)
**STIEPER LAW OFFICES, LTD.**
2500 West Higgins Road, Suite 1200
Hoffman Estates, IL 60169-7243
Tel:   (847) 519-7970
Fax:  (847) 519-7971

*Attorneys for Sonrai Systems, LLC. and Advanced Custom Engineered Systems & Equipment Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 7, 2016 the foregoing:

**PLAINTIFFS" RESPONSE IN OPPOSITION TO DEFENDANT ASSURED TELEMATICS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

was filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed:

| | |
|---|---|
| Mark E. Christensen | A. Colin Wexler (Lead Counsel) |
| Nathan A. Hall | Kerry D. Nelson |
| Matthew E. Szwajkowski | Emily D. Gilman |
| Christensen & Ehret, LLP | GOLDBERG KOHN |
| 135 S. LaSalle Street, Ste. 4200 | 55 East Monroe |
| Chicago, IL 60603 | Suite 3300 |
| mchristensen@christensenlaw.com | Chicago, Illinois 60603 |
| nhall@christensenlaw.com | Colin.Wexler@goldbergkohn.com |
| mszwajkowski@christensenlaw.com | Kerry.Nelson@goldbergkohn.com |
| | Emily.Gilman@goldbergkohn.com |
| ***Counsel for Defendant Anthony M. Romano*** | ***Counsel for Assured Telematics, Inc.*** |

Michael A. Albert
Justin Colannino
Wolf Greenfield & Sacks P.C.
600 Atlantic Avenue
Boston, MA 02210
617-646-8000
malbert@wolfgreenfield.com
jcolannino@wolfgreenfield.com
***Counsel for Defendant Geotab, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

> */s/Paul K. Vickrey*
> ***Attorneys for Sonrai Systems, LLC. and Advanced Custom Engineered Systems & Equipment Co.***

- 14 -