# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SONRAI SYSTEMS, LLC, and ADVANCED CUSTOM ENGINEERED SYSTEMS & EQUIPMENT CO., | ) ) ) ) Case No. 16-cv-03371 |
| Plaintiffs, | ) ) The Honorable Thomas M. Durkin |
| v. | ) ) ) |
| ANTHONY M. ROMANO, GEOTAB, INC., ASSURED TELEMATICS, INC. and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT ASSURED TELEMATICS, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs' Response in Opposition to Defendant Assured Telematics, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Response") does nothing to save its flawed claims. Plaintiffs[1] offer no meaningful response to the legal authority cited by ATI that establishes that Plaintiffs have failed to state any cognizable claims against ATI. The reality is that the Complaint makes clear that ATI had extremely limited involvement in these matters, including Plaintiffs' concession in the Response that ATI did "not have direct access" to any of Plaintiffs' confidential information. (Resp. at 3.) Moreover, Plaintiffs' parroting back of the Complaints' vague and conclusory allegations in no way establishes that those allegations are sufficient to withstand a motion to dismiss. Indeed, in an apparent attempt to mislead this Court, most of the allegations on which Plaintiffs rely in their Response are not even directed at ATI. Plaintiffs should not be permitted to go on a fishing expedition in order to drum up non-existent evidence

---

[1] ATI employs the defined terms contained in its Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint ("Memorandum") herein.

against ATI when there are no allegations in the Complaint of any wrongdoing on its part. In short, the allegations of the Complaint do not put ATI on notice of Plaintiffs' claims for trade secret misappropriation, unjust enrichment, or tortious interference with contractual relationships or business expectancies, and there is nothing in the Complaint to render Plaintiffs' claims against ATI "plausible" as is required to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

## ARGUMENT

**I.  PLAINTIFFS' MISSAPROPRIATION OF TRADE SECRETS CLAIM FAILS AS A MATTER OF LAW.**

Plaintiffs' claim for misappropriation of trade secrets under the ITSA in Count V fails as a matter of law as to ATI because they have not sufficiently alleged: (1) the existence of a trade secret, or (2) misappropriation by ATI.

**A.  Plaintiffs Do Not Adequately Allege the Existence of a Trade Secret.**

ATI set forth in its Memorandum that Plaintiffs failed to meet the second prong of the "trade secret" definition under the ITSA because Plaintiffs failed to plead any affirmative efforts to keep their purported "trade secrets" secret. (Memorandum at 6.) In response, Plaintiffs contend that they took reasonable steps to maintain secrecy of the purported trade secrets by: (i) requiring employees to enter into confidentiality agreements, (ii) requiring customers to enter into confidentiality agreements, and (iii) taking "reasonable measures" to protect its trade secrets. (Resp. at 6.) These arguments are belied by the allegations of the Complaint.

First, contrary to Plaintiffs' characterization in their Response, the Complaint does not allege that all of Plaintiffs "employees" and "customers" were required to maintain the confidentiality of the alleged trade secrets. Instead, the Complaint merely alleges that a single employee, Romano, signed a confidentiality agreement and agreed not to divulge trade secret or

2

other confidential information. (Compl., ¶¶ 19, 48.) Likewise, the Complaint only alleges that a single customer, Geotab, entered into a Confidential Information Agreement, an agreement which protects certain undefined "confidential information and trade secrets." (*See* Compl., Ex. C.) These narrow allegations are not sufficient to establish that Plaintiffs took reasonable steps to protect the purported trade secrets, and the case law cite by Plaintiffs does not require a contrary result. *See, e.g.*, *Liebert Corp. v. Mazur*, 357 Ill. App. 3d 265, 279, 827 N.E.2d 909, 923-24 (1st Dist. 2005) (analyzing whether employees generally were instructed of confidentiality concerns in assessing whether plaintiff took reasonable steps under the ITSA's second requirement). Allegations that a single employee and a single customer signed confidentiality agreements are not sufficient to establish that Plaintiffs took steps to maintain the confidentiality of their alleged trade secrets. Indeed, Plaintiffs cite *CMBB LLC v. Lockwood Mfg., Inc.* (Resp. at 5-6) to underscore the significance of confidentiality agreements to the trade secret analysis, but tellingly omit the critical bolded language below from their quotation of the case:

> [I]n cases that address whether an employer took reasonable steps to protect information as a trade secret, the presence or absence of confidentiality agreements or other means to convey confidentiality **to employees often** has a significant and predictable bearing on the outcome of the case.

628 F. Supp. 2d 881, 885 (N.D. Ill. 2009) (emphasis added). The governing case law speaks of protecting confidentiality through agreements with employees, generally, not in one specific case. These are not mere minor distinctions between Plaintiffs' Complaint and the governing case law. Ensuring that only one party with access to the confidential information is restricted is patently unreasonable if other parties are not similarly constrained. The Complaint is entirely silent on this point, and Plaintiffs concede that ATI, who Plaintiffs accuse of misappropriation, was not bound by any confidentiality.

3

The remaining "threadbare recital" of the trade secret definition throughout the Complaint (*see* Memorandum at 7) is not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556. Because they have not sufficiently alleged efforts to maintain the secrecy of the alleged trade secrets, Plaintiffs' misappropriation claim fails as a matter of law.

B.  **Plaintiffs Do Not Adequately Allege Misappropriation by ATI.**

Even if Plaintiffs could establish that they have alleged the existence of trade secrets, which they cannot, they still have not alleged that ATI misappropriated any trade secrets under the ITSA. Rather, Plaintiffs concede that ATI "does not have direct access to any Confidential Information." (Resp. at 3.) It defies logic and is internally inconsistent for Plaintiffs to argue that ATI could have misappropriated information to which it did not have access. This concession alone is fatal to Plaintiffs' claims and suggests that Plaintiffs' claims against ATI were not brought in good faith. Apparently in an attempt to explain this conundrum, Plaintiff simply points out that it had confidentiality agreements with Romano and Geotab, and that they are the ones who misappropriated and now possess it, respectively. (Resp. at 9.) Even taking Plaintiffs' allegations as true, these statements in no way support a conclusion that ATI did anything wrong. What is absent from Plaintiffs' Complaint and the Response is any explanation of how **ATI** allegedly misappropriated purported trade secrets when it had no access to or knowledge of those trade secrets. Nor is there a single factual allegation supporting Plaintiffs' naked conclusion that ATI purportedly acted in concert with Romano.

Finally, Plaintiffs also fail to respond to the case law cited by ATI that establishes that disclosure of a trade secret to a party that is not obligated to protect its confidentiality extinguishes the right to trade secret protection. (Memorandum at 8.) In *Marc Maghsoudi Enters., Inc. v. Tefenkian Imp./Exp. Ventures, Inc.*, No. 08 C 441, 2009 WL 3837455 (N.D. Ill.

4

Nov. 16, 2009), the plaintiff carpet dealer brought an ITSA claim against the defendant carpet seller. The plaintiff alleged in its complaint that its customer list was a trade secret, but in granting the defendant's motion to dismiss the trade secret claim, the Court recognized that the allegations of the Complaint showed that the plaintiff had sent the customer list to the defendant carpet seller for use in a direct mail program. *Id.* at \*2. The court held that "[b]ecause the Complaint alleges disclosure of the trade secret, but does not plead any facts related to an agreement to protect plaintiff's information, [plaintiff]'s trade secret claim is not plausible on its face." *Id.* Like the defendant in *Marc Maghsoudi Enters.*, ATI is precisely such a party to whom an alleged trade secret was disclosed without any confidentiality obligations, and accordingly, Plaintiffs' alleged right to trade secret protection was extinguished. Simply put, the Complaint lacks any allegations and the Plaintiffs now apparently concede that ATI did not in fact misappropriate anything from Plaintiffs; and thus the misappropriation claim against ATI should be dismissed.

## II.  PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS PREEMPTED BY THE ITSA.

Plaintiffs' unjust enrichment claim against ATI in Count VIII fails as a matter of law. Plaintiffs do not dispute, because they cannot, that a tort claim for unjust enrichment that is based on misappropriation of a trade secret is preempted by the ITSA as a matter of law. *Hency Transp., Inc. v. Chu*, 430 F. 3d 402 (7th Cir. 2005); *see also* Memorandum at 9. Plaintiffs also do not dispute, again because they cannot, that their unjust enrichment claim is premised on the same allegations as their ITSA claim. These two concessions alone require dismissal of Plaintiffs' unjust enrichment claim on preemption grounds, and this Court should reject Plaintiffs' desperate and novel arguments to the contrary.

Plaintiffs sum up their argument with the following conclusory and circular point: "The trade secrets do not form the only basis for the unjust enrichment claim. The essence of the

claim for unjust enrichment is that ATI was unjustly enriched." (Resp. at 10) (emphasis added). As to Plaintiff's first point, Plaintiffs **explicitly** state in the Complaint that the factual basis for their unjust enrichment claim against ATI is the same as their claim that ATI misappropriated Plaintiffs' trade secrets: "ATI and Geotab have profited by knowingly directing users to access Plaintiffs' Trade Secret Technology residing on the Geotab website" and thus "have been and will continue to be unjustly enriched in an amount to be proven at trial, *as a direct result of Geotab's and/or ATI's threatened or actual misappropriation of the Plaintiffs' proprietary trade secrets and confidential information*." (*Id.* ¶¶ 84-85 (emphasis added).)

Plaintiffs nevertheless suggest that the unspecified "other confidential information . . . is not the actual Trade Secret Technology that is subject to the ITSA." (*Id.* at 10.) Yet again, however, the statements in Plaintiffs' Response are not supported by the actual allegations of the Complaint. The identified allegations of the Complaint refer only to the Trade Secret Technology, and not any "other confidential information." (Compl., ¶¶ 33-34.) While Plaintiffs' Complaint, at times, makes passing reference to unspecified "confidential information," the only non-conclusory, factual allegations of supposed "collusion" and "unjust enrichment" refer solely and only to the "Trade Secret Technology." *See id.* Even if there were **any** specific allegations regarding this "other confidential information," the Complaint, in fact, specifically alleges that **both** "the Trade Secret Technology and other confidential information" are "statutory 'trade secrets' protected by the Illinois Trade Secrets Act, 765 ICLS 1065/1 et seq." (*Id.* ¶¶ 82-85.) And unlike in the cases cited in their Response, here Plaintiffs simply do not plead any facts to support any confidentiality obligations on the part of ATI. Plaintiffs claim that ATI was unjustly enriched because ATI misappropriated their purported trade secrets—a claim that is one and the same as Plaintiffs' misappropriation of trade secrets claim. As a result,

6

Plaintiffs' unjust enrichment claim is preempted in its entirety by the ITSA, and on that basis must be dismissed.

Plaintiff's second point – that Plaintiffs' unjust enrichment claim is not preempted because the claim is not founded on trade secrets but on the fact that ATI was "unjustly enriched" – does nothing to save their claims. Just like their Complaint, Plaintiffs apparently believe that attaching a conclusory label on its claim is sufficient to plead a cause of action. But that is not the law. Every Plaintiff alleging unjust enrichment could assert that the "essence" of its claim was that the defendant was "unjustly enriched." No such loophole exists in the case law analyzing preemption under the ITSA. Plaintiff misapprehends the entire purpose of preemption, which is to prevent parties like Plaintiffs from alleging a party was unjustly enriched **because it misappropriated Plaintiffs' trade secrets**. *See Learning Curve Toys, L.P. v. Playwood Toys, Inc.*, No. 94 C 6884, 1999 WL 529572, at *2-*3 (N.D. Ill. July 20, 1999) (finding a counterclaim for unjust enrichment preempted by the ITSA because "if the operative facts are arguably cognizable under the ITSA, any common law claim that might have been available on those facts in the past now no longer exists in Illinois"). That is what Plaintiffs have done, and their unjust enrichment claims are plainly preempted by the ITSA.

### III. PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONSHIPS FAILS AS A MATTER OF LAW.

Plaintiffs' claim for tortious interference with contractual and business relationships against ATI in Count VII fails as a matter of law.

#### A. Plaintiffs Do Not Adequately Allege Tortious Interference with Contractual Relationships.

Under Illinois law, a claim for tortious interference with a contractual relationship requires: "(1) the existence of a valid and enforceable contract between the plaintiff and another,

7

(2) the defendants' awareness of the contract, (3) the defendants' intentional and unjustified inducement of a breach of the contract, (4) a subsequent breach by the other, caused by the defendants' wrongful conduct, and (5) damages." *Serv. By Air, Inc. v. Phoenix Cartage & Air Freight, LLC*, 78 F. Supp. 3d 852, 866 (N.D. Ill. 2015). Plaintiffs fail to plead multiple of the required elements.

Plaintiffs have not alleged a valid and enforceable contract. Plaintiffs point to two categories of purported contractual relationships to support their tortious interference claim: one with Plaintiffs' alleged customers Progressive, Dover, and Paines' Inc. and a second with Plaintiffs' former employee Romano. With respect to contractual relationships with Plaintiffs' alleged customers, Plaintiffs do not dispute (nor could they) that they have not alleged any contract with Dover or Paines Inc., and to the extent their claim is premised on these relationships, it fails as a matter of law. But even with respect to Progressive, Plaintiffs do not sufficiently allege the existence of a contract. In their Response, Plaintiffs state that "Plaintiffs bid on, and were awarded a contract with Progressive" citing to Paragraphs 25 and 26 of their Complaint. (*See* Resp. at 10, citing Compl., ¶¶ 25-26.) But as Plaintiffs have repeatedly done throughout the Response, the allegations in the Complaint do not say what Plaintiffs' Response claims they say. Plaintiffs only allege in their Complaint that "Romano made a presentation and contract proposal to Progressive on behalf of Sonrai" and that "Plaintiffs later came to understand that Progressive's senior management had approved of the proposal." (Compl. ¶¶ 25-26.) Approval of a contract proposal does not equate to entering into a valid and enforceable contract, and for this reason, Plaintiffs' claim for tortious interference with contractual relationships as it pertains to Progressive must also be dismissed.

Plaintiffs also fail to plead a cognizable tortious interference claim with respect to Romano for a number of reasons. At the outset, Plaintiffs fail to respond in any way to ATI's argument that Plaintiffs did not plead the existence of any contract between Sonrai and Romano, but only between ACES and Romano. (Memorandum at 11-12.) But in addition, Plaintiffs fail to allege facts sufficient to establish any of the other elements of a tortious interference claim, simply reciting the elements without factual support. Such conclusory pleading and parroting of the elements of a cause of action are insufficient to state a cause of action. *See* Compl. ¶ 101 (ATI "knew of Romano's contractual relationship with Plaintiffs, but wrongfully and unjustifiably interfered with those relationships").

While Plaintiffs assert in the Response that they allege in paragraph 30 that "ATI worked to steer business to Geotab and ATI and away from Plaintiffs," as with many other statements in the Response, the paragraph referenced in the Complaint says nothing of the kind. In fact, it contains no reference to ATI at all, and merely sets forth alleged collusion between Romano and Geotab. The reality is that there are no factual allegations to support the conclusion that ATI "actively participated in inducing the breach" by Romano. *See Block v. Illinois Sec'y of State*, No. 09-C-117, 2010 WL 706043, at *4 (S.D. Ill. Feb. 24, 2010). A claim that ATI induced a breach of contract is the hallmark of a tortious interference claim, and without any factual support of any kind for such a claim, the contractual tortious interference claim against ATI must be dismissed.

### B. Plaintiffs Do Not Adequately Allege Tortious Interference with Business Expectations.

There is likewise no factual support for Plaintiffs' claim for tortious interference with business expectations. Plaintiffs contend, without citing to any allegations in the Complaint, that "ATI was fully aware of Plaintiffs' current and future business relationships with

9

Progressive, related companies Dover and Paine's Inc.com, as well as countless other companies." (Resp. at 12.) But in support of this argument, Plaintiffs' Response points only to a series of allegations that allege that Romano, **not ATI**, worked to disrupt Sonrai's purported relationships. (*Id.*) ATI cannot be held responsible for the actions of other parties. Plaintiffs have alleged no factual support for a claim that ATI, and not any other party, interfered in any way with any purported business expectancies on the part of Plaintiffs, and accordingly this claim should be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiffs' claims against Defendant Assured Telematics, Inc. should be dismissed in their entirety with prejudice.

Dated: June 21, 2016                    Respectfully submitted,

ASSURED TELEMATICS, INC.

By: /s/ A. Colin Wexler

A. Colin Wexler
Kerry D. Nelson
Emily D. Gilman
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on June 21, 2016, he caused a copy of Defendant Assured Telematics, Inc.'s Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint served via the Court's ECF/electronic mailing system upon all counsel of record.

                                                    /s/ A. Colin Wexler