**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SONRAI SYSTEMS, LLC,           ) | |
|           ) | |
| **Plaintiff,**     ) | |
|           ) | **No. 16 CV 3371** |
| **v.**           ) | |
|           ) | **Judge Thomas M. Durkin** |
| **ANTHONY M. ROMANO, GEOTAB,**  ) | |
| **INC., and HEIL CO.**     ) | **Magistrate Judge Jeffrey I. Cummings** |
|           ) | |
| **Defendants.**     ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sonrai Systems, LLC brought this suit against its former employee Anthony Romano, Geotab, Inc. and Heil Co. alleging, *inter alia,* breach of fiduciary duty arising out of an alleged scheme by Romano to assist his new employer in developing and launching a product first developed by Sonrai. The parties are proceeding with expert discovery and the depositions of defendants' experts must be completed by July 31, 2020. (Dkt. 392.) Geotab recently offered to produce its experts -- who reside near Durham, North Carolina -- for deposition by either phone or video. Plaintiff's counsel responded that he intended to proceed with in-person depositions of Geotab's experts either in Chicago or North Carolina. Geotab now seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c) requiring that its experts' depositions be conducted remotely in light of the COVID-19 pandemic. For the reasons set forth below, Geotab's motion for a protective order (Dkt. 393) is granted.

## I.    STANDARD

Federal Rule of Civil Procedure 26(c) provides that this Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense.  Fed.R.Civ.P. 26(c).  This Court is vested with "broad discretion to decide when a protective order is appropriate and what degree of protection is required."  *Schockey v. Huhtamaki,* 280 F.R.D. 598, 600 (D.Kan. 2012).  Federal Rule of Civil Procedure 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means."  Fed.R.Civ.P. 30(b)(4); *In re Broiler Chicken Antitrust Litig.,* No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) ("Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally."); *Usov v. Lazar,* No. 13 CIV 818, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015); *Graham v. Ocwen Loan Servicing, LLC,* No. 16-80011-CIV, 2016 WL 7443288, at *1 (S.D.Fla. July 1, 2016) ("courts enjoy wide discretion to control and place appropriate limits on discovery, which includes authorizing depositions to be taken by remote means").  When exercising its discretion, this Court "must 'balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts.'"  *Usov,* 2015 WL 5052497, at *1, *quoting RP Family, Inc. v. Commonwealth Land Title Ins. Co.,* No. 10 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011).

## II.    DISCUSSION

Geotab seeks to proceed with remote depositions of its experts in light of safety concerns created by the COVID-19 pandemic.  Specifically, Geotab's lead attorneys are of the Wolf, Greenfield & Sacks firm located in Boston, Massachusetts.  Geotab argues that proceeding with in-person depositions either in Chicago or North Carolina would require interstate travel and increased risk of exposure to COVID-19.  Additionally, Jason Balich, Geotab's attorney who would be traveling for the experts' depositions, explains that he has regular contact with family members who are in a high-risk category if exposed to COVID-19 due to age and underlying

health conditions.  Lastly, Geotab points out that currently, "all travelers arriving to Massachusetts – including Massachusetts residents returning home – are instructed to self-quarantine for 14 days…"  *See* https://www.mass.gov/info-details/travel-information-related-to-covid-19#travel-to-massachusetts- (last visited July 9, 2020).  Thus, any Geotab attorneys who travel for the depositions would be required to self-quarantine for fourteen days upon returning home.

For its part, Sonrai contends that Geotab's attorneys do not need to travel or undertake any health risks because they (and any other attorneys for that matter) can participate via remote conferencing while Sonrai's counsel proceeds with the depositions in-person.  According to Sonrai, because Geotab did not provide statements from the experts themselves expressing concerns, the experts should travel to Chicago and Sonrai's counsel can conduct the depositions with appropriate social distancing measures in place.  Alternatively, Sonrai offers to travel to North Carolina to take the depositions, again with social distancing measures in place and with any out-of-state counsel appearing remotely.  Lastly, Sonrai argues that its need to properly assess witness credibility and have proper access to the numerous documents that will be referenced during the depositions warrant in-person depositions.

### A.    COVID-19 related health concerns provide "good cause" for remote videoconference depositions under the circumstances of this case.

As this Court and others have recently recognized, "[t]he President of the United States has declared a national emergency due to the spread of the COVID-19 virus, and the Centers for Disease Control have noted that the best way to prevent illness is to minimize person-to-person contact."  *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.,* No. 19-CV-00660, 2020 WL 3250723, at *2 (N.D. Ill. June 16, 2020), *quoting Sinceno v. Riverside Church in City of New York,* No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020).  To protect

3

Court personnel, the bar, and the public against the severe risks posed by COVID-19, federal courts around the country -- including in this District and the Middle District of North Carolina where Durham is located -- have authorized video teleconferencing for both criminal and civil proceedings and courts continue to advise caution when proceeding with litigation. *See e.g.,* Northern District of Illinois Fifth Amended General Order 20-0012 – In Re: Coronavirus COVID-19 Public Emergency ("Civil case hearings, bench trials, and settlement conferences may be scheduled and conducted by the presiding judge by remote means. In-court hearings are limited to urgent matters that cannot be conducted remotely."); Middle District of North Carolina Standing Order 13 (Amended) – Court Operations Under the Exigent Circumstances Created by COVID-19 ("To the extent possible, especially in civil cases, Judges may elect to hold hearings and conferences via video-conferencing or telephonically."). These guidelines remain in effect and are changing rapidly as the COVID-19 pandemic continues to evolve around the United States.

The general concern over the risks posed by COVID-19 are heightened in this case for a number of reasons. First, lead counsel for Geotab who would travel to either Chicago or North Carolina for the experts' in-person depositions has regular contact with immediate family members in high-risk categories if exposed to COVID-19. Second, whether traveling to Chicago or North Carolina, Geotab's counsel would have to self-quarantine for fourteen days upon his return to Massachusetts. Third, as Geotab points out, North Carolina, where the experts reside and would be traveling from (or where counsel might travel to) has recently experienced a surge in COVID-19 cases and hospitalizations. North Carolina's health secretary stated just last week that she "continue[s] to be concerned that North Carolina's key COVID-19 metrics are moving in the wrong direction...Daily case counts are up and the percent of tests returning positive has

stayed high." https://www.newsobserver.com/news/coronavirus/article244096432.html (last visited July 9, 2020); *see also* "North Carolina Gov. Roy Cooper issues order requiring masks, delays phase 3 of reopening plan," Charlotte Business Journal, June 24, 2020, *available at* https://www.bizjournals.com/charlotte/news/2020/06/24/nc-requires-face-masks-delays-reopening.html (last visited July 9, 2020).

Contrary to Sonrai's assertions, the Court does not agree that Geotab's concerns can be alleviated by simply allowing certain attorneys to appear remotely while the experts, Sonrai's counsel, and other local counsel appear in-person in Chicago. Since briefing the motion, Chicago has issued an Emergency Travel Order that requires individuals entering or returning to Chicago from states experiencing a surge in new COVID-19 cases, including North Carolina, to quarantine for fourteen days upon arrival. *See* https://www.chicago.gov/city/en/sites/covid-19/home/emergency-travel-order.html (last visited July 9, 2020). Thus, Geotab's experts would have to travel to Chicago and self-quarantine for fourteen days before sitting for a deposition. Similarly, even if Sonrai's counsel traveled to North Carolina for the depositions, they would be required to self-quarantine for fourteen days upon returning to Chicago. This new travel restriction renders Sonrai's proposal impracticable.

For these reasons, the Court finds that the health concerns created by the COVID-19 pandemic create "good cause" for the entry of an order requiring that Geotab's experts' depositions take place by remote videoconference under the circumstances in this case. *See, e.g., In re Broiler Chicken Antitrust Litig.,* 2020 WL 3469166, at *8 (remote depositions appropriate "to protect the safety and health of witnesses, counsel, court reporters, videographers, and other persons, and to move this case through the pretrial process at an acceptable pace during a time when in-person depositions may present risks to the health and safety of people participating in

them."); *Learning Res.,* 2020 WL 3250723, at *2-3 (finding that COVID-19 related health concerns provided "good cause" for a remote video deposition); *In re RFC & ResCap Liquidating Tr. Action,* No. 013CV3451SRNHB, 2020 WL 1280931, at *3 (D.Minn. Mar. 13, 2020) ("[u]nder the circumstances, COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote testimony"); *SAP, LLC v. EZCare Clinic, Inc.,* No. CV 19-11229, 2020 WL 1923146, at *2 (E.D.La. Apr. 31, 2020) ("This court will not require parties to appear in person with one another in the midst of the present pandemic.").[1]

> **B.** **Sonrai's desire to question Geotab's experts in-person does not create prejudice sufficient to overcome the risks created by COVID-19 under the circumstances of this case.**

Having found that Geotab has shown good cause, the burden shifts to Sonrai to show it would be unduly prejudiced by remote depositions sufficient to outweigh the good cause. *Reynard v. Washburn Univ. of Topeka*, No. 19-4012-HLT-TJJ, 2020 WL 3791876, at *5 (D. Kan. July 7, 2020). Sonrai expresses two main concerns with taking the experts' depositions remotely: (1) that it would be "prejudiced by the inability to meet and assess Geotab's experts and their testimony in person;" and (2) remote depositions of Geotab's experts will be too cumbersome given the number of documents that will be referenced throughout the depositions. Although these are valid concerns, they are not sufficient to outweigh the good cause shown to conduct the depositions remotely.

First, Sonrai is indeed correct that "a party's ability to observe a deponent in person does have value." *Usov*, 2015 WL 5052497, at *2. But as this Court recently reiterated, "remote

---

[1] The Court's holding in this case is not tantamount to a finding that concerns raised regarding COVID-19 will *always* suffice to support the entry of an order requiring a remote videoconference deposition. *Cf. Manley v. Bellendir,* No. 18-CV-1220-EFM-TJJ, 2020 WL 2766508, at *3 (D. Kan. May 28, 2020) (in light of Plaintiff's substance abuse history "[d]efendant's need and ability to safely depose Plaintiff in person with the precautions outlined by Defendant outweigh[ed] Plaintiff's general concerns regarding COVID-19.").

depositions are a presumptively valid means of discovery even without the in-person interaction and many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." *Learning Res.*, 2020 WL 3250723, at *3 (collecting cases) (internal quotations and citations omitted); *see also Joffe v. King & Spalding LLP*, No. 17-CV-3392-VEC-SDA, 2020 WL 3432871, at *3 (S.D.N.Y. June 23, 2020) ("Plaintiff does not identify a single case endorsing his view that depositions by videoconference present an impediment to assessing witness credibility. This is unsurprising, because courts have ***repeatedly*** rejected this argument, both before and during the current pandemic.") (emphasis in original) (citing cases).

The Court further notes that Sonrai's ability to assess witness credibility might actually be impeded during an in-person deposition given the face mask mandates in both Illinois, *see* https://www.dph.illinois.gov/covid19, and North Carolina, *see* https://files.nc.gov/governor /documents/files/EO147-Phase-2-Extension.pdf. While Sonrai might argue that its offer to provide a conference room large enough for six feet of social distancing could moot the mask requirement, the witnesses would certainly still be permitted -- if not encouraged -- to wear masks, which would "eliminate many of the advantages of observing [them] at an in-person deposition." *See Reynard,* 2020 WL 3791876, at *6. Certainly Sonrai could not force the experts to testify without masks if they chose to wear them. Thus, Sonrai's ability to assess witness credibility would arguably be enhanced if the depositions are conducted via video because masks would not be necessary and counsel will be able to observe the experts' facial expressions and non-verbal responses during their testimony. *See Shockey,* 280 F.R.D. at 602 (holding that video conferencing "addresses Defendant's objection that the deponent's non-verbal responses and demeanor cannot be observed"); *Reynard,* 2020 WL 3791876, at *6 & n.44.

Second, the Court is sympathetic to Sonrai's logistical concerns regarding a remote deposition in light of the number of documents involved and counsel's apparent difficulties accessing documents in a prior remote deposition in this matter.  (*See* Sonrai's Resp. at 10.)  But, again, these concerns are insufficient to outweigh the health risks here particularly given the advancements in remote deposition technology and Geotab's offer to make available the LiveLitigation platform to all parties.[2]  Indeed, courts have held that "voluminous and highly detailed exhibits" are not a bar to remote video conference depositions.  *United States for use & benefit of Chen v. K.O.O. Constr., Inc.,* No. 19CV1535-JAH-LL, 2020 WL 2631444, at *2 (S.D.Cal. May 8, 2020) (citing cases).  "Despite the difficulties with using documents during a remote deposition, the Court is confident counsel in this case are very capable and can make the deposition work effectively with exhibits."  *Reynard,* 2020 WL 3791876, at *6; *see also In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *5.  Thus, notwithstanding the potential challenges that lie ahead, the Court "finds that the health risks in this case outweigh the practical problems of making effective use of exhibits."  *Reynard,* 2020 WL 3791876, at *6.

In sum: under the circumstances of this case, Sonrai's preference for in-person depositions of Geotab's experts is outweighed by the risks posed by the COVID-19 pandemic. The Court orders that both depositions be conducted remotely via remote videoconference.  The Court further orders -- as Sonrai urges -- that Geotab bear any additional costs (including those associated with using the LiveLitigation platform) that are created by use of the videoconferencing format.  *See, e.g., Learning Res.*, 2020 WL 3250723, at *4 (imposing videoconferencing costs on the party who successfully moved to have the deposition conducted

---

[2] The Court trusts that none of the difficulties that Sonrai asserts arose during the Rule 30(b)(6) deposition of Charles Palmer will recur during these depositions.

by videoconference); *Graham,* 2016 WL 7443288, at *2 (same); *Tangtiwatanapaibul v. Tom & Toon Inc.,* 2017 WL 10456190 at *4 (S.D.N.Y Nov. 22, 2017) (same).

## CONCLUSION

For these reasons, Geotab's motion to require remote depositions of its expert witnesses due to the COVID-19 pandemic (Dkt. 393) is granted.

_____
**Hon. Jeffrey Cummings**
**United States Magistrate Judge**

**Dated:  July 13, 2020**