IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SONRAI SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 CV 3371 |
| | ) | |
| ANTHONY M. ROMANO, GEOTAB, INC., THE HEIL CO., | ) | Judge Thomas Durkin |
| | ) | |
| | ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) | |

**SONRAI'S RESPONSE TO DEFENDANTS' SUBMISSION REGARDING ATTORNEY'S FEES AND COSTS INCURRED IN PROSECUTING THE MOTION TO STRIKE STUCKWISCH'S AMENDED EXPERT REPORT**

Plaintiff Sonrai Systems, LLC ("Plaintiff" or "Sonrai"), by and through its attorneys and pursuant to this Court's November 2, 2022 Order (Dkt. 555), submits this Response in opposition to Defendants' submission regarding the attorney's fees and costs incurred in prosecuting the motion to strike the amended expert report of Sue Stuckwisch ("Stuckwisch"), Sonrai's damages expert. In support of this Response, Sonrai states as follows:

1. The Court's September 30, 2022 Memorandum Opinion and Order granted in part and denied in part Defendants' motion to strike the amended expert report of Stuckwisch, Sonrai's expert. Dkt. 550 at 25-26 ("[T]he Court considers the fact that defendants' motion was not entirely successful… For these reasons, the Court in its discretion will award defendants a portion of the attorney's fees and costs that they reasonably incurred in prosecuting this motion to strike."). In doing so, it ordered Defendants' counsel to provide Sonrai and the Court with affidavits or declarations "specifying the attorney's fees and costs they incurred in preparing and briefing the motion to strike." Dkt. 550 at 25.

1

2. On October 14, 2022, counsel for The Heil Co. ("Heil") and counsel for Geotab, Inc. ("Geotab") each filed declarations requesting attorney's fees and costs for their work on the motion to strike. Counsel for Heil requested fees in the amount of $28,492.50 for a total of 82.1 hours of work. (Thompson Decl., ¶¶ 8-9.) In doing so, counsel for Heil specified that his law firm "took the laboring oar in drafting the Motion to Strike." (*Id.*, ¶ 9.) Meanwhile, counsel for Geotab requested fees in the amount of $46,037.25 for a total of 64.5 hours of work. (Balich Decl., ¶ 10.)

3. The amount of the attorney's fees and costs must be determined on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The most useful starting point for determining the amount of a reasonable fee is by using the lodestar amount, or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id*. at 433; *Flanagan v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 663 F. Supp. 2d 662, 668 (N.D. Ill. 2009). The Court may then adjust the lodestar amount upward or downward based on the following factors:

> (1) The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and abilities of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the clients; and (12) awards in similar cases.

*Flanagan*, 663 F. Supp. 2d at 668 (citing *Hensley*, 461 U.S. at 429-30). Two important factors are, first, the relevance of the results obtained to the amount of the fee award. *Hensley*, 461 U.S. at 429. In other words, the Court should award only the amount of fees that is reasonable in relation to the results obtained. *Id*. at 440. Second, awards in similar cases inform the Court about whether the proposed lodestar amount is reasonable under the circumstances. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 557 (7th Cir. 1999).

20591300 v2

4. Counsel's requested attorney's fees and costs are excessive because their motion to strike accomplished only a minor reduction in damages. For example, prior to this Court's ruling on the motion to strike, Stuckwisch's amended report estimated that Sonrai incurred damages that total $64,834,625 due to Defendants' actions. Dkt. 518. After the Court granted in part and denied in part Defendants' motion to strike, Stuckwisch revised her amended report to comport with this Court's findings. Notably, Defendants do not contest that the amended report complied with this Court's findings. Dkt. 550; Dkt. 553.

5. Stuckwisch's revisions resulted in only a $1.5 million or a 2.3% reduction in her overall damages calculations; the new report estimates that Sonrai incurred a total of $63,334,625 in damages. (*See* Exhibit A.) Yet, Defendants are seeking the entire amount of fees they incurred for the motion to strike even though the actual result obtained was a small percentage reduction of Sonrai's damages claim. Defendants' requested attorney's fees and costs also do not account for the fact that the Court granted the motion to strike in part and denied it in part. The Court should award only the amount of fees that are proportional to the relief granted and that are reasonable in light of the minor changes that resulted to Stuckwisch's damages calculations. *Hensley*, 461 U.S. at 435, 440 (the court "should focus on the significance of the overall relief obtained by the [party] in relation to the hours reasonably expended."); *Spegon*, 175 F.3d at 557-58 (finding no abuse of discretion where district court reduced lodestar amount by 50% "to account plaintiff's limited success"); *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 736 (7th Cir.1998) ("[D]istrict courts both can and should look to the degree of success a party achieves in deciding how generous a fee award should be.").

6. In addition, Defendants spent what can only amount to several hours on unnecessary portions of the brief for which they should not be awarded their fees. *Teledyne Techs.,*

*Inc. v. Shekar*, 2017 WL 5892251, at *3 (N.D. Ill. Apr. 27, 2017) (counsel is expected to exclude "hours that are excessive, redundant, or otherwise unnecessary" from his fee submission) (quoting *Hensley*, 461 U.S. at 434). For example, Defendants spent at least five pages of their seventeen-page brief relaying past histories and grievances, and the Court recognized that that these arguments were without merit. *See, e.g.*, Dkt. 522 at 4-6, 8-9; Dkt. 550 at 14-16. Although counsel's invoices do not specify exactly how much time was spent on these sections, the amount of time spent on the motion to strike could have been significantly less if Defendants kept their arguments focused to Stuckwisch's amended report. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1137 (7th Cir. 1987) (affirming a reduction of hours due to the hours not being "'reasonably expended' in the sense of being 'excessive, redundant, or otherwise unnecessary.'").

7. Moreover, Defendants undertook the unnecessary—and ultimately, fruitless—task of highlighting Stuckwisch's amended report citations, as well as calculating percentages and creating pie charts, that purport to show the changes made to Stuckwisch's report. *See* Dkt. 522 at 12, 14. The Court called the Defendants' highlighting "not entirely reliable" and stated that "even defendants implicitly concede that every highlighted paragraph should not be stricken." (Dkt. 550 at 16.) Thus, Defendants' counsel should not be awarded attorneys' fees for this superfluous and ineffective task. *Melikhov v. Drab*, No. 16 C 9332, 2018 WL 3190824, at *2 (N.D. Ill. May 21, 2018) (The moving party must "exercise[e] billing judgment, which means they must 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 651 (7th Cir. 2017) ("[T]he court may feel compelled to exclude unnecessary hours . . . before calculating the lodestar."); *Johansen v.*

20591300 v2

*Wexford Health Sorces*, No. 15-CV-3276, 2021 WL 1103349, at *7-8 (N.D. Ill. Mar. 23, 2021) (applying across-the-board percentage reduction due to duplicative and excessive fee entries).

  8. As for each of the attorney's fees amounts requested by Defendants' counsel, the fees requested by Geotab's counsel are excessive. For example, Geotab's counsel state in their declaration that their standard billing rates are between $730 and $1,055 per hour depending on the attorney and the year. (Balich Decl., ¶¶ 5-6.) *See also Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) ("an attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services"); *Melikhov*, 2018 WL 3190824, at *3 (same). Geotab attempts to justify its rates as reasonable by citing to *Teledyne Techs.*, but that case found that rates of $441.00 per hour for attorneys were reasonable. 2017 WL 5892251 at *3. Other courts in this district found that rates similar to those discussed in *Teledyne Techs.* are reasonable. *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014) ($175-$385 per hour were reasonable rates); *Brzowski v. Sigler*, No. 17 C 9339, 2021 WL 4283206, at *4-5 (N.D. Ill. Sept. 21, 2021) (awarding $465 per hour to an attorney with thirty-one years of experience); *Cooper v. City of Chicago*, No. 16 C 3519, 2018 WL 3970141, at *15-16 (N.D. Ill. Aug. 20, 2018) (awarding an attorney with years of experience $475 per hour).

  9. The rates billed by Heil's counsel fall within this range. For example, the rates billed by Heil's counsel range from $400 for James Thompson to $200-$225 for his associates. (Thompson Decl., ¶ 8.) Since Heil's counsel "took the laboring oar in drafting the Motion to Strike," the rates requested by Heil's counsel should be applied to Geotab's counsel' rates.[1] Also, because Heil's counsel "took the laboring oar," it would be unreasonable and inequitable for Geotab's counsel to receive a higher amount of fees while contributing fewer hours to the motion

---

[1] In the alternative, Sonrai suggests that the Court use rates between $297 and $425, which it previously assigned to Sonrai's former attorneys who have similar (or, in some cases, more) years of experience. Dkt. 548 at 15-17.

to strike. *Abbott v. Vill. of Winthrop Harbor*, No. 93 C 4642, 1999 WL 675292, at *2 (N.D. Ill. Aug. 24, 1999) (the rate should "attract competent counsel" but "not produce windfalls" to the attorney) (citing *Hensley*, 461 U.S. at 430 n.4).

10. Additionally, Geotab's counsel requests attorney's fees for over 64 hours of work it claims it contributed to the motion to strike. Assuming that Geotab took a subordinate role in the drafting of the motion to strike, Geotab's rates should be reduced proportionally. *See Orgler Homes, Inc. v. Chicago Reg'l Council of Carpenters*, No. 06 C 50097, 2008 WL 5082979, at *3 (N.D. Ill. Nov. 24, 2008), *modified sub nom. Orgler Homes, Inc. v. Chicago Reg'l Council of Carpenters, United Bhd. of Carpenters*, No. 06 C 50097, 2009 WL 899741 (N.D. Ill. Mar. 26, 2009) (reducing fees for defendant's motion to strike plaintiff's' supplemental expert report from $13,095 to $4,600 due to an excessive amount of hours billed to the motion); *Montanez*, 755 F.3d at 555 (affirming the reduction of fees where partners on a case were "simultaneously doing the same thing").

11. Sonrai, therefore, proposes the following rate and hour structure be applied to Defendants' counsel. First, the Court should award Heil's counsel with 60% of its requested attorney's fees or $17,095, which is reasonable given the Court's partial grant of the motion to strike. Second, the Court should assign Geotab's counsel the same rates that Heil's counsel uses in its invoices because rates of $400 for James Thompson and $200-$225 for his associates are generally found to be reasonable. Third, the Court should award Geotab's counsel with 20% of its requested attorney's fees due to Heil's counsel taking "the laboring oar" and so that the Court may eliminate the duplication of work on the motion to strike. By Sonrai's estimation, this would equal 12.8 hours at $400 per hour, or a total of $5,120 for Geotab. *Montanez*, 755 F.3d at 557 ("When the judge cannot easily separate the successful and unsuccessful work, 'there is nothing

to do but make an across-the-board reduction that seems appropriate in light of the ratio between winning and losing claims.'") (quoting *Richardson v. City of Chicago*, 740 F.3d 1099, 1103 (7th Cir. 2014)).

WHEREFORE, Plaintiff Sonrai Systems, LLC prays that this Honorable Court enter an Order finding that Defendants' request for $$28,492.50 (Heil) and $46,037.25 (Geotab) in attorney's fees and costs is excessive; awarding Defendants reasonable amount of attorney's fees and costs; and ordering any further relief this Court deems appropriate.

Dated:  November 17, 2022 /s/ J. Scott Humphrey
J. Scott Humphrey
Katie Burnett
Samantha Roth
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312-212-4949
Facsimile:  312-767-9192

*Attorneys for Sonrai Systems, LLC*

20591300 v2

# EXHIBIT A
# (filed under seal)