IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
EASTERN DIVISION

| | |
|---|---|
| SONRAI SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:16-cv-03371 |
| ANTHONY M. ROMANO, GEOTAB, INC., and HEIL CO. D/B/A/ENVIRONMENTAL SOLUTIONS GROUP, | District Judge Thomas M. Durkin <br><br> Magistrate Judge Jeffrey Cummings |
| Defendants. | |

**DEFENDANT HEIL'S MOTION TO STRIKE SONRAI'S
SUPPLEMENTAL THIRD AMENDED RULE 26(A)(1)
INITIAL DISCLOSURES AND AFFIRMATION OF TYLER MANTEL**

## INTRODUCTION

On May 15, 2022, in a transparent, last-ditch effort to avoid summary judgment, Plaintiff Sonrai Systems, LLC ("Sonrai") submitted its Third Supplemental Rule 26(a)(1) Disclosures ("Supplemental Disclosures," Ex. 1). The Supplemental Disclosures *for the first time*: identify ten previously undisclosed witness; submit an Affirmation from former Heil employee, Tyler Mantel with 19 accompanying exhibits ("Mantel Affirmation") and produce 114 pages of documents, dating from 2014 to 2018. Sonrai made these new disclosures *five years* after its initial and second amended Rule 26(a)(1) Disclosures, *three years* after the original close of fact discovery in May of 2019, *more than a year* after the completion of re-opened fact discovery in March of 2021, and *two years* after completion of relevant expert discovery. (*See* Dkt. 244.) More recently, in April and May of 2023 (after yet another year had passed), Sonrai *again* produced even more new documents. As explained below, Sonrai has no justification for its years-late disclosures. Neither the information nor the witnesses are newly discovered – Sonrai long has known (or should have known) of the newly added witnesses, and the documents are within Sonrai's possession and are clearly called for by Defendants' document requests, to which Sonrai responded and produced documents in 2017-18. Sonrai simply failed to pursue any of the newly-disclosed discovery during the ample and oft-extended time permitted by the Court.

Sonrai's tardiness is patently prejudicial. Heil and the other defendants have long since completed extensive discovery, including expert discovery and once-re-opened fact discovery, without knowing that Sonrai would disclose any of this new information. Defendants have not been able to question Sonrai witnesses on the newly-produced documents, or depose Tyler Mantel on the substance of his Affirmation. Because the extremely late production is unjustified and prejudicial, Rule 37 requires the Court to strike the Mantel Affirmation and to bar Sonrai from using any of the new materials and witnesses.

## ARGUMENT

**I.    The Court Should Strike the Supplemental Disclosures and the Mantel Affirmation, and Bar Sonrai from Using the Late-Produced Documents.**

Federal Rule of Civil Procedure 26(e) requires parties to "*timely*" supplement initial disclosures and discovery responses. *See Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 U.S. Dist. LEXIS 100719, at *4-5 (N.D. Ill. July 19, 2012) (emphasis supplied). A party who serves untimely supplemental disclosure – in violation of Rule 26(e) – is subject to sanctions under Rule 37(c)(1), which provides that a party is "not allowed to use that information or witness or supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or harmless." Indeed, once a party violates Rule 26(a), sanctions under Rule 37(c)(1) are "*automatic and mandatory*." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209 (N.D. Ill. June 4, 2013) (disclosure of witness two days before discovery cut-off date was "clearly untimely" and therefore "automatically excluded"). The disclosing party bears the burden of explaining why the tardy disclosure was "substantially justified" or "harmless." *Sys. Dev. Integration*, U.S. Dist. LEXIS 100719, at *7-8.

**A.    Sonrai's disclosures are untimely and thus are subject to "automatic and mandatory" sanctions under Rule 37(c)(1).**

Here, the first prong of Rule 37(c)(1)'s "automatic and mandatory" prohibition against untimely evidence – requiring a determination of whether the disclosure was untimely – is easily met. On March 26, 2019, this Court set a final fact discovery cutoff of May 10, 2019. (Dkt. 244.) The Court described this extension as being granted "for the purpose of allowing plaintiff one last opportunity to conduct discovery depositions and for all outstanding discovery to be completed. No further extensions will be granted absent a showing of extraordinary circumstances that are not presently foreseeable." This final extension followed several previous extension extensions. (Dkt. 176; Dkt. 191/193; Dkt. 223/224/225.) Sonrai simply cannot dispute that it served its Supplemental

Disclosures, and produced over 200 pages of new documents, several years – not merely days, or week, or months -- after the discovery cutoff date. In addition to this very clear discovery deadline, "the Local Rules of the Northern District of Illinois also provide with exacting specificity that a deadline for discovery means that discovery must be *completed by that date*." *Finwall v. City of Chi.*, 239 F.R.D. 494 (N.D. Ill. May 31, 2006) (granting motion to bar opinions of experts that were disclosed just days before the expert discovery cutoff) (emphasis in original); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209 (N.D. Ill. June 4, 2013) (disclosure of witness two days before discovery cut-off date was "clearly untimely" and therefore "automatically excluded"). Not only should Sonrai have made its disclosures before May 10, 2019, it needed to make those disclosures with sufficient time to allow Defendants to complete follow-up discovery by that May 19, 2019, deadline. Indeed, in its Order allowing the final extension of the fact discovery cut-off, the Court enforced this principle, barring Sonrai from serving vast new document requests on Heil without time to complete the new discovery before the cut-off. (Dkt 244.)

Despite Judge Cummings' admonition that no further discovery would be permitted absent "extraordinary circumstances," in October 2020 Sonrai sought to re-open fact discovery. (Dkt. 439).[1] Sonrai tendered a Declaration from Mark Regan, a former Vice President at 3rd Eye – the Heil/ESG affiliate manufacturing and marketing Heil's service verification product. Like the Mantel Affirmation here at issue, the Regan Declaration makes assertions about the development of Heil's service verification product – issues that Sonrai should have covered in the ample discovery it was allowed. However, the Regan Declaration also discussed a 3rd Eye deal with Waste Management to provide service verification, an issue that Sonrai's damages expert said was

---

[1] In that Motion (Dkt. 439), Sonrai also argued that Heil should be sanctioned for alleged document manipulation and for not previously disclosing the 3rd Eye witnesses discussed in the Regan Declaration. Those arguments were specious – both as to timing and on the merits – as Heil fully explained (Dkt. 455.) Sonrai never renewed its request for sanctions after the permitted, limited additional discovery was completed.

relevant to her, as she worked on a supplemental expert report. (Dkt. 468.) Because of the possible relevance to still-open expert opinions (and because Heil believed Regan was so demonstrably wrong on so many facts in his Declaration), Heil did not oppose a limited re-opening of discovery, which was completed in March of 2021.

The Defendants justifiably assumed, in March of 2021, that fact discovery was finally, and completely, over. Then came the Sonrai supplements in May of 2022 and 2023. Unlike the Regan Declaration, which at least, arguably, related to Heil/3rd Eye sales at a time when Sonrai's damages expert was working on a supplement, ███████████████████████████████████

███████████████████████████████████████████████████████████

████████████ The Parties completed technical expert discovery in mid-2021, when the Court denied Sonrai's effort to offer substantive, technical expert opinion evidence via its rebuttal expert report. (Dkt. 478.) Sonrai made its supplemental disclosures three years after the close of fact discovery, and thirty months after the deadline for Sonrai's technical expert reports. It is too late. The parties are briefing summary judgment. In its summary judgment filings, Heil explains why the technical issues in this case can only be resolved by expert testimony, and the technical expert opinions in this case have been set since early 2020. To fairly consider Sonrai's new materials would require a wholesale, costly and prejudicial reopening of fact and expert discovery.

Sonrai's three-year delay goes well beyond the dates set by this Court and, thus, its untimely disclosures are automatically stricken. *See Sys. Dev. Integration*, 2012 U.S. Dist. LEXIS 100719, at *7. ("Rule 26(e) requires a party to *timely* supplement its initial disclosures and discovery responses…It does not…allow a party to wait until more than two years after the close of discovery); *Finwall v. City of Chi.*, 239 F.R.D. 494 (N.D. Ill. May 31, 2006).

**B. Sonrai's Supplemental Disclosures are neither justified nor harmless.**

Because Sonrai's submissions are patently untimely, the analysis shifts to whether the untimely disclosure was substantially justified or harmless, issues on which Sonrai bears the burden. When determining whether a purported discovery violation is justified or harmless, courts consider factors such as "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Spano v. Boeing Co.,* 2015 U.S. Dist. LEXIS 109511, at *12 (S.D. Ill. Aug. 19, 2015). Whether an untimely disclosure was substantially justified "turns in large part on the party's explanation for the nondisclosure, including its ability to timely disclose and the legal basis for believing disclosure was not required." *SEC v. Nutmeg Grp., LLC*, 2017 U.S. Dist. LEXIS 180405, at *22 (N.D. Ill. Oct. 31, 2017). For each category of disclosure made by Sonrai, the above factors weigh in favor of striking the disclosures.

**a. Sonrai's supplemental document productions are neither justified nor harmless so Sonrai should be barred from relying on them.**

In its May 2022 Supplemental Disclosures, Sonrai produced 114 pages of documents, consisting of communications and other data dating between 2014 – 2018. The next supplemental production, in April and May of 2023, was more voluminous, and again consisted mainly of documents from 2014-2016. The dates of the documents make it obvious that Sonrai had access to these documents well before the close of fact discovery. The documents are responsive to Defendants' document requests and fall within the scope of documents that Sonrai should have already produced. As such, Sonrai can have no justification for failing to timely produce the documents. *Specht v. Google Inc.*, 758 F. Supp. 2d 570 (N.D. Ill. Dec. 17, 2010) (information

supplied in untimely supplemental interrogatory answer excluded, as depositions had been completed and disclosing party offered no legitimate reason for not disclosing earlier).

Sonrai will assert, correctly, that Rule 26(e)(1) obligated it to produce the additional documents once it realized that they existed and had not been produced. That is true, as far as it goes, but it does not mean that Sonrai should be able to use those documents, profiting by its failure to produce them, when they could have been explored in fact discovery and considered by expert witnesses. Indeed, many of the documents ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████. As both fact and expert discovery is closed, the prejudice to Heil for Sonrai's late disclosures cannot be cured. *Chamberlain Grp., Inc. v. Lear Corp.*, 270 F.R.D. 392 (N.D. Ill. Nov. 8, 2010) (granting motion to exclude documents that disclosing party had in its possession for a year prior to disclosure; disclosing party "tarried, and now it must lie in the bed it has made"); *Sys. Dev. Integration LLC,* 2012 U.S. Dist. LEXIS 100719, at *10-11 (late disclosure not harmless as experts already rendered opinion); *Baemmert v. Credit One Bank, N.A..* 271 F. Supp. 3d 1043, 1051 (W.D. Wis. Sept. 25, 2017) (prejudice where opposing party had not opportunity to impeach newly-disclosed evidence before summary judgment); *Spano*, 2015 WL 4941698, at *14 (court "refuses to allow" disruption to the case schedule); *Sigle v. City of Chi.*, 2013 U.S. Dist. LEXIS 59155, at *21 (N.D. Ill. Apr. 25, 2013) (plaintiff's untimely disclosures were not harmless because it denied the defendants the opportunity to depose additional witnesses, conduct follow-up discovery, and properly defend against the claims against them).

The Defendants' summary judgment briefs are due on the date of this Motion. The deadlines have been set for Plaintiff's responses and the defense reply briefs. There is no time for the parties to address the late-produced documents, Sonrai should be barred from using them.

**b. Sonrai's late identification of 10 new witnesses is neither justified nor harmless and should be stricken.**

In its Supplemental Disclosures, Sonrai named ten previously unidentified persons with knowledge: Alan Cawse, Clive Cawse, Kevin Buchaly, Maria Sotra, Loris Stellato, Robert Drain, Grant Ervin, Jason Leck, Tyler Mantel and Steve Stronach.[2] Until May 2022, Heil was unaware that Sonrai intended to rely on the testimony of any of these individuals. Indeed, Sonrai has had multiple opportunities to identify these individuals both in its initial Rule 26(a) disclosures and thereafter. Notably, as early as December 10, 2018, Sonrai included the names of Loris Stellato, Jason Leck and Steve Stronach in a list of 22 fact witnesses that Sonrai wished to depose. (Dkt. 223.) Despite acknowledging in 2018 its interest in the testimony of those three individuals, Sonrai did not amend its list persons with knowledge list to add them until its latest attempt in 2022, nor did Sonrai move forward with their depositions while fact discovery was open.[3]

As to the remaining seven names Sonrai now identifies (Alan Cawse, Clive Cawse, Kevin Buchaly, Maria Sotra, Robert Drain, Grant Ervin and Tyler Mantel), Sonrai failed to include any of their names on its list of final depositions. Sonrai chose not to take the opportunities available to it and can have no justification for its tardy disclosure.

Sonrai also cannot blame Heil for failing to disclose the names of the 10 individuals in Heil's own Rule 26(a) disclosure of persons with knowledge. Of the ten newly identified

---

[2] Sonrai's Supplemental Disclosures also identified Mark Regan, Richard Buteau, Kyle Kummer, Alex Gallardo and Eric Monsen as witnesses. As Heil previously had the opportunity to depose those witnesses, Heil does not seek to strike them.

[3] Mr. Stellato did end up testifying, briefly, as a Rule 30(b)(6) designee of Progressive/Waste Connections.

witnesses, only one, Tyler Mantel, is a (former) Heil employee. The other nine are unconnected with Heil – five are Geotab employees, two more work with Progressive – and have no apparent connection to any of the issues relevant to Heil in this dispute. As for Mr. Mantel, his name appears with some regularity in the documents Heil produced, and ALL the documents Mantel cites in his Affirmation were produced by Romano in this litigation. He was easily identifiable from documents produced in 2017-18. Additionally, as Heil pointed out in prior motion practice (*see* Heil's Response to Sonrai's Motion to Re-Open Discovery, Dkt. 445, at 1-2), it is irrelevant that Heil did not disclose Mantel in its Rule 26(a) disclosures. Heil was obligated to disclose only witnesses with "discoverable information that the disclosing party may use to support its claims or defenses." Heil did not disclose Mantel because his knowledge is so limited that Heil would never rely upon him to support its claims or defenses. He worked at Heil for less than two years and was transitioned off of the service verification project when Heil acquired 3rd Eye. He simply knows nothing about how 3rd Eye developed the product that it eventually took to market after Mantel left Heil, and on which Mantel played no role. The Court should not allow Sonrai to point to Heil's conduct in discovery as a basis for its inaction.

As with the introduction of the newly-produced documents, Heil will be prejudiced if Sonrai is permitted to rely on the testimony of any of the newly-disclosed witnesses. Heil had no opportunity to depose any of them, nor have their technical experts considered such testimony in their reports. The Court should bar each of the 10 witnesses.

    **c. Sonrai's disclosure of the Mantel Affirmation is neither justified nor harmless and should be stricken.**

Finally, Sonrai's disclosure of the Mantel Affirmation is likewise untimely. Mantel, a former Heil employee, is one of Sonrai's 10 newly-identified witnesses. The Court should not only exclude Mantel as a witness (as with the other nine new witnesses), but also the Court should strike

Mantel's Affirmation in its entirety.[4] Courts routinely strike declarations that are not timely disclosed. *See King v. Ford Motor Co*., 872 F.3d 833 (7th Cir. 2017) (affirming district court's decision to strike declaration of witness disclosed after the close of discovery); *Neuma, Inc. v. Wells Fargo & Co*., 515 F. Supp. 2d 825, 839 (N.D. Ill. Oct. 19, 2006) (granting motion to exclude affidavit submitted of witness not previously disclosed during discovery).

Sonrai cannot meet its burden of showing it was substantially justified in making its late disclosure. The events and documents that Mantel references in his Affirmation are from late March to mid-July of 2016. Mantel's employment with Heil concluded in July 2017 – well before the close of discovery. Indeed, Heil produced approximately 650 documents that reference Mantel, including documents that identify Mantel as a participant in the Enhance Weekly Review Meetings. The nineteen Romano-produced documents attached to the Affirmation also were available to Sonrai and referenced Mantel. Thus, Sonrai could have easily identified Mantel as a person with at least some connection to the Enhance project, had Sonrai conducted any minimal investigation of the Heil and Romano document productions while fact discovery was open.

Indeed, had Mantel been disclosed as a possibly relevant witness, a deposition would have been taken and exposed how minimal a role he played. For the early part of 2016, after Sonrai terminated its relationship with Heil, Heil returned to its Connected Truck vision, calling that project "Enhance." Mantel was one of several Heil employees who worked on Enhance in early 2016. By April of 2016, however, Heil had begun negotiations with 3rd Eye, completing that acquisition in September of 2016. Thereafter, all work on the service verification product switched to 3rd Eye, and Mantel had no role in the design or development of the product that ultimately

---

[4] The exhibits to the Affirmation are documents that Romano produced in this case, so they are part of the documentary record. But Mantel's often speculative and foundationless discussion of those documents must not be allowed to become part of the record.

launched. Not surprisingly, the materials in his Affirmation all are dated prior to mid-July, as the design, engineering, and development effort shifted to 3rd Eye in Austin, Texas and took place over the next 18 months before 3rd Eye launched its product.

Sonrai can have no justification for waiting five years to interview Mantel regarding his tenure with Heil or to prepare the Mantel Affirmation. The Court should strike that Affirmation.

## II. Defendants are Entitled to Fees and Costs Associated with Filing this Motion.

Under Rule 37(c)(1), the Court may order payment of the reasonable expenses, including attorneys' fees caused by a violation of Rule 26(a). *Doe 1 v. City of Chicago*, 2019 WL 5290899, at \*10 (N.D. Ill. 2019)(ordering the parties to pay fees and expenses caused by their discovery failure); *Medline Industries, Inc*., 2021 WL 809734, at \* 10 (ordering defendant to pay reasonable attorneys' fees incurred by Medline in briefing the current motion). Thus, Defendants are entitled to fees and costs incurred in bringing this Motion.

## CONCLUSION

Wherefore, for the foregoing reasons, this Court should strike Sonrai's Third Amended Rule 26(a)(1) Disclosures, including barring use of the newly produced documents (including additional documents produced in 2023), striking the ten names from Sonrai's persons with knowledge list, and striking the Mantel Affirmation. Defendants also respectfully request that Sonrai pay Defendants' fees and costs incurring with filing this Motion.

Date:   August 30, 2023

Respectfully submitted,
The Heil Co.

James Thompson (Atty No. 6199621)
Mindy S. Schwab (Atty No. 6236299)
Stephen Mrowiec (Atty No. 6330175)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
312-346-1600/312-667-9231 (fax)
jthompson@lynchthompson.com
docketing@lynchthompson.com

By: /s/  *James L. Thompson*
*One of Its Attorneys*

## CERTIFICATE OF SERVICE

   I hereby certify that on August 30, 2023, a copy of the foregoing attached **DEFENDANT HEIL'S MOTION TO STRIKE SONRAI'S SUPPLEMENTAL THIRD AMENDED RULE 26(A)(1) INITIAL DISCLOSURES AND AFFIRMATION OF TYLER MANTEL** was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _/s/ James L. Thompson_
One of Heil's attorneys
