UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION

| | |
|---|---|
| SONRAI SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | No. 16 CV 3371 |
| ANTHONY M. ROMANO AND THE HEIL CO. d/b/a ENVIRONMENTAL SOLUTIONS GROUP, | Judge Thomas M. Durkin |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Sonrai filed this lawsuit alleging that the Defendants schemed to usurp and interfere with Sonrai's business. Heil filed counterclaims alleging, among other things, that Sonrai breached its nondisclosure agreement with Heil. Sonrai moves for summary judgment on Heil's breach-of-contract claim and request for permanent injunction. R. 712. For the following reasons, that motion is granted.

### Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers the evidentiary record, views the evidence, and draws all reasonable inferences in the

1

light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018).

## Background

Sonrai is a company that offers data tools for waste collection companies. Heil is a company that manufactures garbage trucks, known in the industry as refuse collection vehicles ("RCVs"). In July 2014, Sonrai and Heil executed a written agreement to facilitate the exchange of confidential information and discussions about a potential business relationship in which one of Sonrai's data products, known as "Vector," would be connected to Heil's RCVs. Between July 2014 and mid-2015, Sonrai and Heil shared information and operated under the agreement. In May 2015, Heil offered to acquire Sonrai, which Sonrai rejected. The business relationship eventually soured and in September 2016, Heil acquired another entity called 3rd Eye in order to use its data product (called "Enhance") instead of Sonrai's.

Based on these events, Sonrai sued Heil for breach of contract. R. 1 & 119. Heil responded with its own breach of contract claim. R. 140 ¶¶ 46–50.

In its initial Rule 26(a) disclosures dated November 3, 2017, Heil indicated it had not yet determined the amount of damages, but that it would provide a more specific damages analysis at a later date. R. 721 ¶¶ 1–2. In this motion, Sonrai contends that Heil still has not identified evidence of damages, and argues that this is a basis for summary judgment against Heil. In response to Sonrai's motion, Heil produced a declaration from John Smith, Heil's Director of Research & Validation,

2

calculating the costs Heil incurred to protect its confidential information, and a supplemental Rule 26(e) disclosure detailing damages sought. R. 722.

## Discussion

To succeed on an Illinois breach-of-contract claim, "a plaintiff must plead and prove (1) the existence of a valid and enforceable contract, (2) substantial performance by the plaintiff, (3) breach by the defendant, and (4) damages caused by that breach." *Ivey v. Transunion Rental Screening Sols., Inc.*, 2022 IL 127903, ¶ 28, 215 N.E.3d 871.[1]

A plaintiff (or a counter-claimant, as Heil is here) has an obligation to disclose the evidence it believes supports its claim to relief. Fed. R. Civ. P. 26(a)(1)(A); *Stephenson v. City of Chicago*, No. 21 CV 338, 2024 WL 3252332, at *7 (N.D. Ill. July 1, 2024). Furthermore, the claimant must disclose that evidence in accordance with the schedule set forth in the Federal Rules of Civil Procedure and the Court's case management schedules. *See* Fed. R. Civ. P. 16(b)(1), (f)(1)(C); *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 171, 174 (N.D. Ill. 2018) ("The parties do not 'own' the discovery schedule, and cannot suspend or extend discovery in accordance with their own desires."); *Dunn v. Brown*, No. 20 CV 5645, 2022 WL 19323, at *3 (N.D. Ill. Jan. 3, 2022) ("Deadlines are not suggestions to be taken lightly or complied with only as a matter of choice.").

---

[1] The Court has already applied Illinois law to the agreement at issue here on Heil's earlier motion for summary judgment against Sonrai. *See* R. 657 at 13.

Other than claiming deposition testimony taken in this case infers the existence of damages, Heil does not dispute that it failed to disclose any evidence supporting its alleged damages prior to its response to this motion. Instead, Heil responded to the motion by attaching a supplemental Rule 26(e) disclosure of its damages and an additional declaration in support.

Sonrai argues that the Court should bar Heil's supplemental Rule 26(e) disclosure and Smith's declaration because Heil failed to adhere to its discovery obligations. Rule 26 requires parties to supplement or correct its disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). The purpose of Rule 26(e) is to "ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Chi. Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 602 (7th Cir. 2024). When "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), [that] party is not allowed to use that information or witness to supply evidence on a motion . . . or at a trial." Fed. R. Civ. P. 37(c)(1). Unless the party can show that its violation was either justified or harmless, "the sanction for failure to disclose is automatic and mandatory." *Joe's Tea Room*, 94 F.4th at 603. The district court has broad discretion to determine whether a violation of Rule 26(a) or (e) was justified or harmless. *Rogers v. BNSF R.R. Co.*, 680 F. Supp. 3d 1027, 1044 (N.D. Ill. 2023). In determining whether a party's violation was justified or harmless, a district court considers the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the

likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, Heil's delay is neither justified nor harmless. Heil made its initial Rule 26 disclosures on November 3, 2017, indicating it is claiming "the full amount of damages permitted by law," but that it could not yet determine the amount of damages because it needed information from Sonrai. R. 721 ¶¶ 1–2. Heil further stated that it would "provide a more specific damages analysis" at a later date. *Id.* ¶ 2. But Heil failed to disclose any basis for its alleged damages until it responded to this motion almost seven-and-a-half years after its initial disclosures. The only justification Heil offers for this delay was the uncertainty of whether this counterclaim could be settled. At the latest, that uncertainty dissipated by February 11, 2025 after the settlement conference held by the magistrate judge concluded without a resolution, R. 682, and the Court reaffirmed the June 16, 2025 trial date and set deadlines for pretrial motions, R. 687.

Heil argues that Sonrai was on notice of Heil's damages based on the deposition testimony of Smith and Geoff Apthorp, another individual designated by Heil as having knowledge of negotiations and agreements between Heil and Sonrai. Both of these individuals certainly testified about the factual basis for Heil's allegations and claims. But neither individual offered any testimony about the amount of damages. In fact, Heil had identified Patrick Carroll as the individual knowledgeable about damages. And contrary to Heil's argument, Sonrai does not have an obligation to elicit

5

evidence of Heil's damages during a deposition. Rather, Heil has an affirmative obligation, under Rules 26 and 37, to disclose the evidence it believes entitles it to relief, which includes evidence of the amount of damages.

Additionally, the supplemental disclosure and declaration provide estimates for costs Heil incurred in 2016 and 2017. This information was readily available when Heil made its initial disclosures in November 2017, or very soon thereafter, yet Heil failed to disclose that evidence until eight years into the case and only a month before trial. Absent a sufficient explanation or extenuating circumstance, which Heil has not offered, Heil's disclosure and the Smith declaration are far too late to be admissible at trial.

Heil further argues that even if the supplemental disclosure and declaration are untimely, there is no prejudice to Sonrai. Not so. Fact discovery closed May 10, 2019. R. 244.[2] The disclosure and declaration are being produced six years after the close of discovery and a month before trial. Sonrai has no opportunity to further depose Smith or seek discovery for information underpinning his damages calculations. Although the damages theory is not new, the amount claimed is. And even now, Heil's breach of contract damages remain uncertain because Heil claims it is still evaluating its harm and the resulting damages. This is a moving target that

---

[2] Fact discovery was re-opened on January 20, 2021, but for the very limited purpose of conducting certain remote depositions. R. 468. And after the summary judgment opinion, R. 657, Sonrai's damages expert amended her report and sat for an additional deposition on November 19, 2024.

has the potential to disrupt the trial. Accordingly, the Court strikes Heil's Rule 26(e) supplement and Smith's declaration.

With the supplemental disclosure and declaration barred, Sonrai argues that summary judgment should be granted on Heil's counterclaim because it has no evidence of damages to present to the jury. The Seventh Circuit has explained that to avoid summary judgment on a contract claim under Illinois law, "it is necessary to show damages." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (citations omitted). In other words, the party must show that it is "entitled to damages." *Id.* at 632. The party seeking to recover bears the burden of proving: (1) that it sustained damages resulting from the breach, and (2) that there is a reasonable basis for computing those damages. *Id.* at 631 (citation omitted). Because Heil has no admissible evidence of damages, it cannot establish a reasonable basis for computing its damages, and thus Heil cannot show its entitlement to damages. And without a showing of its entitlement to damages, Heil cannot prevail on its breach of contract claim and summary judgment must be granted to Sonrai on that claim. *See id.* at 636 (affirming summary judgment on breach of contract claim where it was impossible for the plaintiff to calculate damages within a reasonable degree of certainty); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 680 F. Supp. 3d 1011, 1021 (N.D. Ill. 2023) (granting summary judgment where party chose not to calculate damages).

Heil argues that even though it cannot prove the amount of its damages, there is evidence of the "existence" of damages, and thus it should be permitted to proceed to trial on a claim for nominal damages. True, nominal damages "are recoverable at

the discretion of the trial judge" if a party "fails to prove the amount of those damages to a reasonable degree of certainty." *TAS*, 491 F.3d at 632. The problem with Heil's argument, however, is that it equates evidence of "injury" with "entitlement to damages." As explained above, to prove its entitlement to damages, Heil must establish both that he sustained damages *and* a reasonable basis for computing the damages. Without any evidence showing a "reasonable basis for computation of damages," Heil has not shown the "entitlement to damages" that is necessary to sustain a claim for damages, nominal or otherwise.

The remaining relief Heil seeks is a permanent injunction enjoining Sonrai from using Heil's data in Vector, misusing Heil's data generally, and retaining Heil's confidential information. A permanent injunction is "a creature of equity, and so the district court has discretion to decide whether that relief is warranted." *Liebhart v. SPX Corp.*, 998 F.3d 772, 774 (7th Cir. 2021). The party seeking an injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* (citation omitted). "[D]amages are the norm," so the party seeking the injunction "must show why [its] case is abnormal." *Walgreen Co. v. Sara Creek Prop. Co.*, 966 F.2d 273, 275 (7th Cir. 1992). Heil fails to meet its burden. It presents no evidence that Sonrai's alleged breaches caused it irreparable harm or

that the breaches are ongoing or likely to reoccur, such that monetary damages would be inadequate.

With respect to irreparable harm, Heil argues that its confidential information is incorporated into Vector. There is some evidence to suggest that Sonrai did incorporate Heil's code into Vector, but that it was done with the consent of Heil. *See* R. 616 at 14. Yet, Heil fails to demonstrate that the incorporation of its code into Vector caused it irreparable harm. For example, Heil does not point to evidence of competitive disadvantage, security risks, or some other irreparable harm. In fact, Heil admits it has not presented evidence of Vector competing with Enhance in the marketplace. And although Heil argues that it "anticipates showing at trial that Sonrai did not return, delete, or destroy Heil's confidential information" in violation of the contract and that Sonrai should be enjoined from retaining the information, summary judgment is the "put up or shut up" moment in litigation where the party opposing it must "marshal and present the court with the evidence [it] contends will prove [its] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Heil offers no evidence that Sonrai improperly retained Heil's confidential information in violation of the contract. There is simply no evidence of any irreparable harm Heil suffered.

Next, Heil has not satisfied the Court that the award of money damages would be an inadequate remedy. Such an award may be inadequate where a violation is ongoing. But Heil presents no evidence that Sonrai is currently and continuing to violate the contract. Instead, Heil points to allegations in its complaint and other

evidence of past misuses of its confidential information, all which supposedly occurred back in 2016 and 2017. In short, Heil fails to satisfy the Court that Sonrai's alleged breaches resulted in irreparable harm or that the harm cannot be compensated through monetary damages. Accordingly, Sonrai is entitled to summary judgment on Heil's counterclaim.

## Conclusion

Therefore, Sonrai's motion for summary judgment, R. 712, is granted.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: June 2, 2025