**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SONRAI SYSTEMS, LLC,

       Plaintiff,

       v.

ANTHONY M. ROMANO; and THE HEIL CO.
d/b/a ENVIRONMENTAL SOLUTIONS
GROUP,

       Defendants.

No. 16 C 3371

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

A jury awarded Sonrai Systems, LLC, $28.9 million in compensatory damages on claims for breach of contract, tortious interference, and breach of fiduciary duty against its competitor The Heil Co. and former employee Anthony Romano ("Defendants"). In sum, the jury found that Heil induced Romano to breach his contractual and fiduciary obligations to Sonrai by paying Romano to provide information to Heil about Sonrai's product called Vector. Sonrai claimed that Heil used the information about Vector to acquire customers that would have otherwise been Sonrai's customers. The jury also awarded $30 million in punitive damages against Heil.

The verdict form required the jury to consider five interrogatories to determine whether Defendants had any liability for Sonrai's claims. *See* R. 775. If the jury found any liability, the verdict form then instructed the jury to separately consider damages

arising from Defendants' conduct with respect to five specific customers. *See id.* at 3. The jury made the following damages findings with respect to the five customers:

- $5,195,441 in connection with Progressive/Waste Connections

- $12,877,408 in connection with Waste Management

- $10,832,305 in connection with Republic Services

- $0 in connection with Waste Corp. of America

- $0 in connection with Casella Waste Systems

With this structure, the verdict form consolidated Sonrai's three claims (i.e., breach of contract, tortious interference, and breach of fiduciary duty) into a single liability finding. Then the verdict form subdivided that liability finding into five separate claims for purposes of damages—one claim for each customer that Sonrai alleged it lost due to Defendants' conduct.

Defendants filed motions for judgment as a matter of law and for a new trial or remittitur under Federal Rules of Civil Procedure 50 and 59, respectively. Upon consideration of the post-trial motions, the Court found that the jury's award of damages in connection with two of the customers—Waste Management and Republic Services—was unsupported by the evidence and granted Defendants' motions in part by entirely vacating the damages finding as to those two customers. *See* R. 817. What remained of the verdict was the jury's finding of damages related to only a single customer (namely Progressive/Waste Connections) in the amount of $5,195,441. The Court also proportionally deceased the punitive damages award. The Court described

2

the reduction of compensatory damages as "remittitur," which for the reasons discussed below was incorrect.

In response to the Court's order, Heil filed a motion "for clarification on remittitur." *See* R. 818. Heil filed the motion to "alert[] the Court to an important but unexamined procedural question: whether the Order is intended to give Sonrai the option to elect a new trial in lieu of remittitur." *Id.* at 2. Heil explained that this "clarification is significant both procedurally and jurisdictionally, because if [the Court's Order intends to give Sonrai the option of a new trial in lieu of remittitur]— and if Sonrai rejects the remitted award—the resulting new-trial order is not a final order appealable under 28 U.S.C. § 1291." *Id.* at 2-3. This is an issue that was not addressed in the briefs on the post-trial motions under Rules 50 and 59, nor in the Court's opinion and order deciding those motions.

According to the Seventh Circuit, the "proper course of action for remittitur under [Federal Rule of Civil Procedure 59]" is "that the trial court present the plaintiff with the option of a reduction of damages or a new trial." *Haluschak v. Dodge City of Wauwatosa, Inc.*, 909 F.2d 254, 256-57 (7th Cir. 1990). "Except where the damages are in error as a matter of law—where statutory limits have been exceeded or clear errors in computation have occurred—the trial court may not unilaterally reduce a damage award." *Id.* at 257.

In opposition to Heil's motion for clarification, Sonrai argues that the Court's decision falls into this exception described by the Seventh Circuit in *Haluschak.* According to Sonrai, there was no error in the Court's decision to order remittitur

without the option for a new trial because the Court held that sustaining the damages award would be a "manifest error of law." *See* R. 820 at 3 (quoting R. 817 at 44). Sonrai argues further that in ordering remittitur the Court gave "no indication" that it "intended to permit Sonrai to resurrect Defendants' demand for a new trial by exercising a choice the Court never offered." R. 820 at 2. Presumably, Sonrai prefers to proceed to challenge on appeal the Court's post-trial decision to vacate damages related to Waste Management and Republic Services without first being forced to decline the option for a new trial.

However, whatever the potential implications of the Court's order, it cannot be disputed that the Court's order failed to expressly address whether Sonrai should be given the choice of a new trial. That failure is plain error. *See Adams v. City of Chicago*, 798 F.3d 539, 542 (7th Cir. 2015) ("It is plain (and the parties agree) that the district court erred when it failed to offer the Adams siblings the option of a new trial."). For that reason, the Court cannot simply deny Heil's motion with reference to its prior order as Sonrai suggests. Rather, the Court must clarify its findings.

Both Heil's motion for clarification and Sonrai's response assume that the necessary clarification concerns whether Sonrai should have a choice of a new trial as opposed to remittitur. The Court finds instead, however, that clarification regarding the extent or kind of remittitur is not appropriate or necessary, because its invocation of remittitur itself was erroneous.

Remittitur is proper when there is "no rational connection between the award and the evidence." *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015). In

other words, a court may use remittitur as a tool to adjust the amount of damages to properly reflect the weight of the evidence.

Here, however, the Court's findings did not concern the weight of the evidence of damages derived from conduct related to Waste Management and Republic Services. Rather, the Court found that the testimony of Sonrai's expert—Suzanne Stuckwisch—regarding Waste Management and Republic Services was legally deficient and should not have been admitted, such that the jury should not have heard it nor relied on it in finding damages derived from those two customers. Unlike circumstances that would make remittitur proper, the Court did not find that the jury awarded *too great* an amount of damages with respect to Waste Management and Republic Services. Rather, the Court found that the jury was prevented as a matter of law from finding *any* damages with respect to Waste Management and Republic Services because Stuckwisch's testimony was legally deficient.

This is because the trial showed that Stuckwisch's trial testimony was not supported by the evidence she promised in her pretrial disclosure and testimony. In denying a pretrial *Daubert* motion to exclude Stuckwisch's testimony, the Court relied on Stuckwisch's representation in her report, *see* R. 696-1, ¶ 73, and at the *Daubert* hearing, *see* R. 745 at 23, 53, that her opinions were based on evidence that Sonrai was going to be installing Vector for Waste Management and Republic Services. *See* R. 817 at 42. The Court denied the *Daubert* motion finding that Stuckwisch's "assumption that all five of the [customers] would have launched

fleetwide rollouts of Vector was appropriate and supported by evidence she reviewed." *See id.* at 6.

After trial, Heil renewed its objection to Stuckwisch's testimony in its post-trial motions. *See* R. 800 at 1, 12. In deciding those motions, the Court agreed that Stuckwisch's pretrial evidentiary assumptions were not borne out at trial. Contrary to her pretrial disclosure and testimony, Stuckwisch's trial testimony did not identify or reference any non-speculative evidence that Waste Management and Republic Services would have implemented Vector. Because Stuckwisch failed to identify any such evidence, the Court found in the post-trial motions that her testimony on these issues was conjecture and speculation. *See* R. 817 at 42 ("Stuckwisch's assumptions as to fleetwide rollouts for Waste Management and Republic were based on conjecture, and thus the damages opinions as to these customers were far too speculative."); *id.* at 44 ("Stuckwisch's opinion that Waste Management and Republic Services would have had fleetwide rollouts of Vector is based on conjecture or speculation, and thus her opinion cannot support the damages awarded as to Waste Management and Republic."). The Court explained this finding in greater detail in its opinion and order deciding the post-trial motions. *See* R. 817 at 42-44.

By finding that Stuckwisch's trial testimony regarding Waste Management and Republic Services was conjecture and speculation, the Court found that this testimony did not satisfy the requirements of Federal Rule of Evidence 702. And opinion testimony that does not satisfy Rule 702 is prohibited from consideration by the jury. Without Stuckwisch's testimony, the jury would have been left with *no*

evidence regarding damages derived from conduct related to Waste Management and Republic Services. And without such evidence, no reasonable jury could award damages based on that conduct. *See Weisgram v. Marley Co.*, 528 U.S. 440, 457 (2000) ("[T]he authority of [a court] to direct the entry of judgment as a matter of law extends to cases in which, on excision of testimony erroneously admitted [including under Rule 702], there remains insufficient evidence to support the jury's verdict."); *In re: NFL "Sunday Ticket" Antitrust Litig.*, 2024 WL 3628118, at *11 (C.D. Cal. Aug. 1, 2024) (granting motion pursuant to Rule 50(b) for judgment as a matter of law because the Court excluded expert testimony under Rule 702 without which "no reasonable jury could have found class-wide injury or damages"). As a result, the Court granted judgment as a matter of law to Defendants—and not a new trial—on Sonrai's claims that Defendants' conduct caused Sonrai to lose business from Waste Management and Republic Services.

The substance of the Court's findings in the order deciding the post-trial motions regarding the insufficiency of Stuckwisch's opinions about Waste Management and Republic Services has not changed. But the Court should have described the reduction in compensatory damages ordered on the post-trial motions as a grant of the motion for a Rule 50 judgment as a matter of law on Sonrai's claims related to Waste Management and Republic Services. Instead, the Court erroneously described what was a "judgment as a matter of law" as "remittitur." Having now clarified that its findings regarding damages related to Waste Management and

Republic Services resulted in a judgment as a matter of law on those aspects of Sonrai's claims, the Court vacates is finding of remittitur.

For these reasons, Heil's motion for clarification [818] is granted in part and denied in part. The motion is granted to the extent that the Court has clarified that it vacated the jury's damages findings regarding Waste Management and Republic Services as a matter of law, pursuant to Federal Rule of Civil Procedure 50 and Federal Rule of Evidence 702 and did not grant a new trial. *See Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 402 (2006) ("Rule 50(b) permits the district court to exercise its discretion to choose between ordering a new trial and entering judgment[.]"). The motion is denied as moot to the extent that no further clarification regarding remittitur is necessary.

The Court will separately enter judgment on Sonrai's claims in accordance with this order and its previous order on the post-trial motions.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: June 16, 2026

8